**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re Rayonier Inc. Securities
Litigation

Case No. 3:14-cv-1395-J-32JBT

## O R D E R

This case is before the Court on the Motion of the Pension Trust Fund for Operating Engineers's ("Operating Engineers") and the Lake Worth Firefighters' Pension Trust Fund ("Lake Worth") for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 36), filed on January 12, 2015. The motion asks the Court to jointly appoint Operating Engineers and Lake Worth as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) of the Private Securities Litigation Reform Act of 1995 (PSLRA). No other motion for appointment as lead plaintiff or opposition to this motion has been filed. (See Doc. 48.)

Still, the Court must determine whether the movants are the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); Biver v. Nicholas Fin., Inc., No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). The PSLRA directs the court to adopt the rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that:

   (aa) has either filed the complaint or made a motion [to serve as lead plaintiff];
   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii). The PSLRA includes a restriction against "professional plaintiffs" serving as lead plaintiffs:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

Id. § 78u-4(a)(3)(B)(vi).

Though the motion and declarations in support address the movants' qualifications to serve as lead plaintiffs, they do not directly address the restrictions in subsection (vi). According to the certification it made pursuant to § 78u-4(a)(2)(B), Lake Worth has not sought appointment as lead plaintiff in any federal securities class action in the past three years. (Doc. 37-1 at 4-5.) Operating Engineers's certification, on the other hand, states that has acted as lead plaintiff in five federal securities class actions in the past three years and sought appointment in another three. (Doc. 37-1 at 1.) The movants should supplement their motion to address this issue.

Additionally, though this Order does not decide the issue, if Operating Engineers were barred from service as lead plaintiff by subsection (vi), unanswered questions would arise as to Lake Worth's entitlement to the presumption provided in subsection (iii). The movants estimate their combined losses to be $573,771.[1] (Doc. 36 at 6.) Lake Worth's contribution to that total is $7,273. (Doc. 37-2 at 3.) The Court

---

[1] Aggregating losses has been permitted by other courts in this District and within the Eleventh Circuit. See Eastwood Enters. v. Farha, Nos. 8:07-cv-1940-T-24MSS, 8:07-cv-1993-T-24TBM, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) (discussing motions for joint appointment as lead plaintiff and aggregation of losses).

presently has no indication whether, after excluding Operating Engineers's, Lake Worth's loss would qualify as "the largest financial interest" in the case (though its relatively small loss compared to Operating Engineers's suggests it might not be). The movants' supplement should therefore also address Lake Worth's entitlement to the subsection (iii) presumption in the event Operating Engineers were disqualified from service as lead plaintiff (a finding the Court has not made at this point).

Finally, on a somewhat related note, in consolidating the related cases under one case number and caption, the Clerk added to this case as attorneys to receive notice all counsel from the other cases. In order to continue receiving notice, any counsel that has not already done so must register for a login and password for electronic filing at the Court's website, www.flmd.uscourts.gov, and, as appropriate, seek leave to appear pro hac vice pursuant to Local Rule 2.02. Counsel who does not do so on a timely basis will be terminated from the case and no longer receive notice.

Accordingly, it is hereby

**ORDERED:**

1.     The Motion of the Pension Trust Fund for Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 36) is **taken under advisement**.

2.     On or before **February 13, 2015**, Operating Engineers and Lake Worth should file a supplement to their motion addressing the issues identified above.

3.     All counsel who has not sought leave to appear pro hac vice and/or registered for electronic filing with the Middle District of Florida shall do so

immediately. The Court will direct the Clerk to terminate from the case any attorney who has not done so by **February 13, 2015**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of February, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record