UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re Rayonier Inc. Securities
Litigation

Case No. 3:14-cv-1395-J-32JBT

**O R D E R**

This case is before the Court on the Motion of the Pension Trust Fund for Operating Engineers's ("Operating Engineers") and the Lake Worth Firefighters' Pension Trust Fund ("Lake Worth") for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 36), their Supplemental Brief (Doc. 57), and the parties' Agreed Motion for Briefing Schedule (Doc. 49). The motion for appointment and supplemental brief ask the Court to jointly appoint Operating Engineers and Lake Worth as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) of the Private Securities Litigation Reform Act of 1995 (PSLRA) and to approve their selection of lead counsel to represent the class. No other motion for appointment as lead plaintiff or opposition to this motion for appointment has been filed. (See Doc. 48.)

**I.     APPOINTMENT OF LEAD PLAINTIFF**

The PSLRA provides for the appointment as lead plaintiff of "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4 (a)(3)(B)(i). Even when a motion for appointment as lead plaintiff is

unopposed, the court must still make this determination on its own. 15 U.S.C. § 78u-4(a)(3)(B)(i); Biver v. Nicholas Fin., Inc., No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). The PSLRA directs the court to adopt the rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that:

> (aa) has either filed the complaint or made a motion [to serve as lead plaintiff];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. at § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also includes a restriction against "professional plaintiffs" serving as lead plaintiffs:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

Id. § 78u-4(a)(3)(B)(vi). At the Court's request, the movants filed a supplemental brief addressing the application of this restriction in this case. (Doc. 57.)

Upon due consideration, the Court finds that Operating Engineers and Lake Worth are "the most adequate plaintiff" and satisfy the requirements of the PSLRA. They are the only persons to have filed a motion for appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Their estimated combined losses are

2

approximately $573,771.[1] (Doc. 36 at 6.) The Court has no evidence that any other person has a larger financial interest in the case. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Court also finds that Operating Engineers and Lake Worth otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Id. § 78u-4(a)(3)(B)(iii)(I)(aa). They are therefore entitled to the rebuttable presumption that they are the most adequate plaintiff. Id. § 78u-4(a)(3)(B)(iii)(I). The Court has been presented with no proof rebutting the presumption.

Moreover, the Court agrees with the movants that, to the extent the restriction on professional plaintiffs in subsection (vi) might apply, Operating Engineers is not the kind of entity Congress intended to restrict from serving as lead plaintiff. See Dees v. Colonial Bancgroup, Inc., No. 2:09cv104, 2009 WL 1285424, at *1-2 (M.D. Ala. May 7, 2009). Finally, the materials submitted in support of the motion and the supplemental brief indicate that the joint appointment of Operating Engineers and Lake Worth does not conflict with the purposes of appointing a lead plaintiff in a securities class action. The Court therefore concludes that Operating Engineers and Lake Worth should be appointed lead plaintiff.

## II. SELECTION OF LEAD COUNSEL

The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §

---

[1] Aggregating losses has been permitted by other courts in this District and within the Eleventh Circuit. See Eastwood Enters. v. Farha, Nos. 8:07-cv-1940-T-24MSS, 8:07-cv-1993-T-24TBM, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) (discussing motions for joint appointment as lead plaintiff and aggregation of losses).

78u-4(a)(3)(B)(v). Courts have found that the district court "should generally employ a deferential standard in reviewing the lead plaintiff's choices." In re Cendant Corp. Litig., 264 F.3d 201, 274 (3d Cir. 2001); see also Cohen v. U.S. Dist. Court for the N. Dist. of Cal., 586 F.3d 703, 712 (9th Cir. 2009) ("[W]e hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Upon due consideration, the Court determines that Saxena White P.A. and Berstein Litowitz Berger & Grossmann LLP both have substantial experience in securities class actions, and therefore defers to Operating Engineers's and Lake Worth's selection of the firms as lead counsel.

## III.   BRIEFING SCHEDULE

Finally, the Court has reviewed the parties' agreed motion for entry of a schedule for filing a consolidated complaint and briefing any motion to dismiss. The parties propose an exceedingly extended briefing schedule, with the motion to dismiss not being fully briefed until the end of September. (Doc. 49 at 2.) During this time, discovery would be presumably be stayed. See 15 U.S.C. § 78u-4-(b)(3)(B).

The Court recognizes that the heightened pleading standards imposed by the PSLRA means many securities cases are resolved at the pleading stage. See 15 U.S.C. § 78u-4(b)(1)-(2). But the parties' proposal is too extended. Upon due consideration, the Court will set a briefing schedule as requested, but will set the deadlines it deems appropriate.

Accordingly, it is hereby

**ORDERED**:

4

1. The Motion of the Pension Trust Fund for Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 36) is **GRANTED**.

2. The Pension Trust Fund for Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund are **APPOINTED** as Lead Plaintiff.

3. Lead Plaintiff's selection of Saxena White P.A. and Berstein Litowitz Berger & Grossmann LLP as Lead Counsel is **APPROVED**.

4. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations should be conducted without the approval of Lead Counsel.

5. The Agreed Motion for Briefing Schedule (Doc. 49) is **GRANTED in part** and **DENIED in part**. The Court sets the following preliminary case schedule:

   a. On or before **April 7, 2015**, Lead Plaintiff shall file a Consolidated Complaint.

   b. On or before **May 15, 2015**, defendants shall file any answer or motion to dismiss the Consolidated Complaint.

   c. On or before **June 15, 2015**, Lead Plaintiff shall file any opposition to the motion to dismiss.

   d. On or before **July 15, 2015**, defendants shall file any reply brief in support of the motion to dismiss, not to exceed fifteen pages in length.

   e. The motion to dismiss is **SET** for **HEARING** on **August 25, 2015**,

at **10:00 a.m.**, before the undersigned in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[2] The Court intends to discuss scheduling for the remainder of the case at the June 17, 2015 hearing.

      f.    The requirements of Local Rule 4.04(b) are suspended until further order of the Court.

    6.    The Clerk is **DIRECTED** to terminate any attorney who has not yet sought leave to appear pro hac vice and/or registered for electronic filing with the Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2015.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

6