**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT |
|---|---|

**LEAD PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE THE WITNESS DECLARATION FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. It Is Well-Settled That Witness Declarations Cannot Be Considered On A Motion To Dismiss ........ 2

B. The Davis Declaration Raises, At Most, Credibility Issues That Cannot Be Resolved At This Stage ........ 6

III. CONCLUSION ........ 8

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Applied Micro Circuits Corp. Sec. Litig.*,
2002 WL 34716875 (S.D. Cal. Oct. 4, 2002) ....................3, 6

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
851 F. Supp. 2d 1299 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012) ....................3, 6

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
896 F. Supp. 2d 1210 (N.D. Ga. 2012) ....................5

*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271 (11th Cir. 1999) .................... passim

*Campo v. Sears Holdings Corp.*,
371 F. App'x 212 (2d Cir. 2010) ....................4

*In re Cell Therapeutics, Inc. Class Action Litig.*,
2010 WL 4791808 (W.D. Wash. Nov. 18, 2010) ....................4, 8

*In re Cell Therapeutics, Inc. Class Action Litig.*,
2011 WL 444676 (W.D. Wash. Feb. 4, 2011) ....................3

*City of Livonia Emps. Ret. Sys. & Local 295/Local 851, IBT Emp'r Grp. Welfare Fund v. Boeing Co.*,
711 F.3d 754 (7th Cir. 2013) ....................5

*Corban v. Sarepta Therapeutics, Inc.*,
2015 WL 1505693 (D. Mass. Mar. 31, 2015) ....................3

*Dep't of the Treasury of the State of N.J. v. Cliffs Natural Res., Inc.*,
2015 WL 6870110 (N.D. Ohio Nov. 6, 2015) ....................3, 6, 7

*Halford v. AtriCure, Inc.*,
2010 WL 8973625 (S.D. Ohio Mar. 29, 2010) ....................3

*In re Healthsouth Corp. Sec. Litig.*,
2000 WL 34211319 (N.D. Ala. Dec. 13, 2000) ....................2

*Hemenway v. Bartoletta*,
2012 WL 1252691 (M.D. Fla. Apr. 13, 2012) ....................2, 3

*Local 703, IBT Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*,
2011 WL 12627599 (N.D. Ala. Aug. 23, 2011) ....................4

*Local 703, IBT Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 2011 WL 4431154 (N.D. Ala. Sept. 7, 2011) .......... 4

*Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996) .......... 6

*In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918 (S.D.N.Y. May 29, 2015) .......... 7, 8

*In re Netbank, Inc. Sec. Litig.*, 2009 WL 2432359 (N.D. Ga. Jan. 29, 2009) .......... 6

*Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000) .......... 3

*In re Pfizer Inc. Sec. Litig.*, 2012 WL 983554 (S.D.N.Y. Mar. 22, 2012) .......... 5

*Trussell v. Quest Diagnostics Inc.*, 2010 WL 1223890 (M.D. Fla. Mar. 24, 2010) .......... 6

*United States v. Bowleg*, 567 F. App'x 784 (11th Cir. 2014) .......... 6

*Waterford Twp. Police and Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, 2014 WL 3569338 (E.D.N.Y. July 18, 2014) .......... 3, 4

*Watkins v. Miller*, 92 F. Supp. 2d 824 (S.D. Ind. 2000) .......... 3

**STATUTES**

15 U.S.C. § 78u–4(b)(3)(B) .......... 8

Fed. R. Civ. P.
- Rule 12 .......... 1, 2
- Rule 12(b)(6) .......... 2, 5
- Rule 12(d) .......... 3, 4

**OTHER AUTHORITIES**

Michael J. Kaufman and John M. Wunderlich, *The Judicial Access Barriers to Remedies for Securities Fraud*, Law & Contemp. Probs. 55 (2012) .......... 4

Gideon Mark, *Recanting Confidential Witnesses in Securities Litigation*, 45 Loy. U. Chi. L.J. 575 (2014) .......... 4

## I. INTRODUCTION

Lead Plaintiffs' opening brief established that Defendants' submission of extraneous material is improper under well-settled law. *See* ECF No. 89 ("Motion" or "Mot.") at 5. Courts routinely strike witness affidavits attached to motions to dismiss because Fed. R. Civ. P. 12 and controlling Eleventh Circuit precedent require that they do so. *Id*. at 7, 11; *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999). Defendants contend that the Private Securities Litigation Reform Act ("PSLRA") somehow permits consideration of extraneous material such as witness declarations at this stage. But, in truth, nothing in the PSLRA authorizes courts to consider such material or entertain Defendants' factual disputes at this stage. The vast majority of courts that have considered this precise issue have stricken or disregarded affidavits of witnesses at the pleading stage in PSLRA actions. *See, e.g.*, Mot. at 5-11.

In addition to misstating the law, Defendants ignore that information attributed to Mr. Davis in the Amended Complaint (ECF No. 84) is corroborated by numerous sources. Rayonier's new management has admitted that Defendants overharvested by 40% for more than a decade: "managing for sustainability [] might sound obvious for a timber company but it's something that wasn't being done." *Id.* ¶135. The additional witnesses referenced in the Amended Complaint also corroborate Mr. Davis's statements by similarly describing rampant overharvesting that was well known inside Rayonier. For instance, CW1 stated – just as Mr. Davis did – that Rayonier's internal documents showed future harvesting "dropp[ing] off the cliff" and requiring a reduction in harvesting volumes due to long-standing overharvesting. *Id.* ¶83. After the truth came to light in November 2014, the SEC launched an investigation that remains ongoing.

Defendants' Opposition seeks to sidestep these facts and urges the Court instead to consider their contrary version of the facts before a record is developed. However, the Davis declaration is improper not just because it is outside of the pleadings, but also because any consideration of it

would contravene this Circuit's settled rule that courts cannot resolve disputed issues of fact or weigh credibility at this stage. Mot. at 10-12. The Davis declaration and its assertions that Mr. Davis supposedly "did not make" statements attributed to him in the Amended Complaint plainly raise questions of credibility. Lead Plaintiffs' investigator and Lead Counsel, who interviewed Mr. Davis eight times between February 24, 2015 and September 4, 2015, submitted declarations describing the investigative process and confirming that the Amended Complaint's allegations accurately reflect the information provided by Mr. Davis. Under the facts of the case, Fed. R. Civ. P. 12, and Eleventh Circuit precedent, the Court should disregard the Davis declaration.

## II. ARGUMENT

### A. It Is Well-Settled That Witness Declarations Cannot Be Considered On A Motion To Dismiss

Lead Plaintiffs demonstrated in their opening brief that the Davis declaration, as a matter of law, cannot be considered on a Rule 12(b)(6) motion to dismiss. In *Bryant*, a securities action under the PSLRA, the Eleventh Circuit stated unequivocally that witness affidavits are "clearly the sort of evidentiary material that is not appropriate at the 12(b)(6) stage." 187 F.3d at 1279-80 (emphasis added). This was not, as Defendants contend, merely an "off-hand statement" by the Eleventh Circuit. Opp. at 13. Numerous courts have quoted or applied *Bryant*, refusing to consider witness declarations submitted at the pleading stage in PSLRA securities actions.[1] Defendants contend that these and other decisions are "inapposite" (Opp. at 13 n.9), and that the Motion relies on just a "few cases" that are "outliers" (Opp. at 5). In reality, the vast majority of courts that have

[1] *See, e.g.*, *Hemenway v. Bartoletta*, 2012 WL 1252691, at *4 (M.D. Fla. Apr. 13, 2012) ("[T]he Court cannot consider Defendants' attached affidavit in deciding this motion to dismiss without modifying the motion into one of summary judgment."); *In re Healthsouth Corp. Sec. Litig.*, 2000 WL 34211319, at *2 (N.D. Ala. Dec. 13, 2000) (striking confidential witness affidavits); *see also* Mot. at 5-11 (citing cases).

considered the precise issue in this Motion have squarely rejected Defendants' improper tactic and disregarded or stricken affidavits in PSLRA securities actions.[2]

Defendants also posit that the PSLRA somehow allows for affidavits at the pleading stage because of its heightened pleading standards (Opp. at 2), but there is no basis – statutory or otherwise – for that assertion. In fact, there are absolutely "no exceptions" to the prohibition on affidavits at the pleading stage. *See Hemenway*, 2012 WL 1252691, at *4 ("The affidavit is outside of the pleadings and no exception applies to avoid Federal Rule of Civil Procedure 12(d).").

Equally baseless is Defendants' conclusory assertion that the numerous decisions cited in the Motion that have rejected their tactics are "unpersuasive." Opp. at 14. The authorities cited by Lead Plaintiffs are well-reasoned and consistent with *Bryant*. *See* Mot. at 5-11. Indeed, as courts nationwide explain, discrepancies between a CW's prior statements and a later affidavit "may be attributed to a witness's changing memory" or "the desire to remain in a former employer's good graces once the protection of confidentiality has been removed."[3] The logic of these decisions is particularly apt here because Mr. Davis is friends with Rayonier's corporate

---

[2] *See, e.g.*, *Dep't of the Treasury of the State of N.J. v. Cliffs Natural Res., Inc.*, 2015 WL 6870110, at *4 (N.D. Ohio Nov. 6, 2015) ("[T]he issues of fact and credibility raised by Defendants' witness declarations cannot be determined at the pleading stage."); *Corban v. Sarepta Therapeutics, Inc.*, 2015 WL 1505693, at *3 n.2 (D. Mass. Mar. 31, 2015) (courts may only "consider[] the allegations made in the complaint and not [confidential witness's] assertions in her declaration"); *Waterford Twp. Police and Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, 2014 WL 3569338, at *4 (E.D.N.Y. July 18, 2014) ("With regard to [confidential witness] Columbano, who is no longer anonymous, the Court declines to consider an affidavit offered outside the pleadings by Defendants."); *In re Cell Therapeutics, Inc. Class Action Litig.*, 2011 WL 444676, at *1 (W.D. Wash. Feb. 4, 2011) (granting "Plaintiffs' motion to strike the declarations submitted by Defendants containing statements attributed to the Confidential Witnesses"); *Halford v. AtriCure, Inc.*, 2010 WL 8973625, at *3 (S.D. Ohio Mar. 29, 2010) (striking affidavits of confidential witnesses and noting that "[w]hen presented with confidential witnesses who were later identified and provided conflicting affidavits or declarations, courts are reluctant to strike the original statements by the confidential witnesses"); *In re Applied Micro Circuits Corp. Sec. Litig.*, 2002 WL 34716875, at **2-3 (S.D. Cal. Oct. 4, 2002) ("The declarations are obviously not referenced in, and therefore fall outside of, the amended complaint.").

[3] *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1312 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012); *Watkins v. Miller*, 92 F. Supp. 2d 824, 854 (S.D. Ind. 2000) (cases in which "witnesses later recant for a host of possible reasons are not uncommon"); *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) (witnesses may recant for fear of "retaliation against them"); *Applied Micro Circuits*, 2002 WL 34716875, at *11 ("Plaintiff provides a plausible explanation as to why sources are now contradicting themselves; Plaintiff claims the change occurred after having been contacted by Defendants' attorneys.").

attorney, his declaration was issued only after speaking with defense counsel, and the content of such discussions has not been provided. ECF No. 89-1 ¶35.

In urging the Court to disregard *Bryant* and the other authorities cited by Lead Plaintiffs, Defendants also rely heavily on *dicta* from a footnote in an unpublished Second Circuit opinion, *Campo v. Sears Holdings Corp.*, 371 F. App'x 212, 216 n.4 (2d Cir. 2010). *See* Opp. at 6-7. Defendants' reliance on the footnote in *Campo* is misplaced. As the Honorable Marsha Pechman explained in *In re Cell Therapeutics, Inc. Class Action Litigation*, 2010 WL 4791808, at *2 (W.D. Wash. Nov. 18, 2010), the language that Defendants point to in *Campo* "is dicta" and other courts "specifically reject" it. Indeed, *Campo* has also been disregarded inside the Second Circuit:

> With regard to the affidavit Defendants have submitted in support of their motion—in which the CW denies several statements attributed to him in the CAC—a district court has two options when materials outside the pleadings are offered: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment . . . and afford all parties the opportunity to present supporting material. . . . <u>There is no apparent justification for the Court to convert the motion in this case</u>.

*Waterford*, 2013 WL 1345086, at *5 (emphasis added) (internal citation and quotation marks omitted). "[D]efense lawyers expected and hoped that *Campo* would initiate a trend. <u>It did not, and that is appropriate, because *Campo* was decided incorrectly with respect to this issue</u>."[4]

The Opposition also relies on other non-controlling cases that are easily distinguished and, if anything, support Lead Plaintiffs' motion. For example, Defendants attempt to rely on the

[4] Gideon Mark, *Recanting Confidential Witnesses in Securities Litigation*, 45 Loy. U. Chi. L.J. 575, 588 (2014) (emphasis added); *see also* Michael J. Kaufman and John M. Wunderlich, *The Judicial Access Barriers to Remedies for Securities Fraud*, Law & Contemp. Probs. 55 (2012), at 59 n.22 (The court's approach in *Campo* "not only violates the PSLRA's stay of discovery . . . but also the federal rules' requirement that courts refrain from considering material beyond the pleadings on a motion to dismiss, Fed. R. Civ. P. 12(d)."). The *Local 703* case cited by Defendants (Opp. at 9, 11-12) reaffirmed that *Campo* is not binding on courts in this Circuit. *Local 703, IBT Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 2011 WL 4431154, at *1 (N.D. Ala. Sept. 7, 2011) ("[A] decision by the Second Circuit Court of Appeals <u>is not binding on this Court</u>.") (emphasis added). *Local 703* is also inapposite procedurally and factually, as it regarded a motion for reconsideration and the affidavits contained "nothing . . . [that] contradict[ed] the statements in the Amended Complaint." *Local 703, IBT Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 2011 WL 12627599, at *3 (N.D. Ala. Aug. 23, 2011).

Seventh Circuit's decision in *Boeing*. Opp. at 6-8, 16. However, while Defendants purport to cite the decision, they repeatedly cite the *district court's* decision, which has been discredited. *See In re Pfizer Inc. Sec. Litig.*, 2012 WL 983554, at *5 (S.D.N.Y. Mar. 22, 2012) ("To the extent the *Boeing* Court's decision was based on a Rule 12(b)(6) standard … this Court declines to apply its reasoning."). *Boeing* involved a motion for reconsideration after merits discovery – not a motion to dismiss – and, as the Seventh Circuit explained, it was only because of "[t]he plaintiffs' abandonment of their sole confidential source" after discovery that the Seventh Circuit agreed to disregard those allegations and upheld the dismissal of the action. *Boeing*, 711 F.3d at 761 (7th Cir. 2013) ("The plaintiffs' abandonment of their sole confidential source . . . was fatal.").

Similar to *Boeing*, the *Belmont Holdings* case relied upon by Defendants also involved a motion for reconsideration with "no disputed facts." *See Belmont Holdings*, 896 F. Supp. 2d at 1225. The court highlighted the unique facts in that case: indisputably false allegations derived from interviews of an employee who was not employed by the company at the pertinent time. *Id.* at 1224-28. Here, by contrast, Mr. Davis reported directly to Wilson during the Class Period and has personal knowledge of the facts alleged. Amended Complaint ¶74 n.13. Moreover, the court distinguished the facts in that case from a situation, such as the one here, where defendants submit a declaration with "recantations," a tactic that "should be viewed with suspicion." *Id.* at 1224 n.11.

In sharp contrast to *Boeing* and *Belmont Holdings*, Lead Plaintiffs filed three declarations supporting the Amended Complaint's allegations attributed to Mr. Davis. These declarations describe how counsel for Lead Plaintiffs spoke with Mr. Davis eight times, and accurately alleged the information included in the Initial and Amended Complaints.[5] Mr. Davis disputes only a few

[5] ECF Nos. 89-1 to 89-3. Defendants falsely contend that the Uslaner and Marsh Declarations are merely "self-serving attorney declarations simply affirming the [Bitkower Declaration]." *See* Opp. at 17. In truth, the attorneys declared that they participated in the calls with Mr. Davis and affirmed the Amended Complaint's allegations attributed to

of the many statements attributed to him in the Amended Complaint, and the ones he now disputes are corroborated by the accounts from four other former employees and the admissions of Rayonier's new management, among other allegations. *See* Amended Complaint ¶¶71-127.

### B. The Davis Declaration Raises, At Most, Credibility Issues That Cannot Be Resolved At This Stage

Lead Plaintiffs' opening brief also explained that the Davis declaration cannot be considered at the motion to dismiss stage for the additional reason that, if considered, it would raise issues of disputed fact and credibility that cannot be resolved in Defendants' favor on a motion to dismiss. *See* Mot. at 10-12. As the Eleventh Circuit directs, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant*, 187 F.3d at 1273 n.1. Moreover, it is "not th[e] Court's role to make credibility determinations on a motion to dismiss." *Trussell v. Quest Diagnostics Inc.*, 2010 WL 1223890, at *2 (M.D. Fla. Mar. 24, 2010).

Defendants wrongly contend that the Davis declaration does not present a credibility dispute. Opp. at 15. In truth, the entire purpose of such submission is to attempt to discredit allegations in the Complaint. As courts have repeatedly explained, "[w]hether the confidential witnesses initially made the statements attributed to them in the complaints is essentially a credibility question" that "cannot be determined at the pleading stage."[6]

---

Mr. Davis. *See* ECF Nos. 89-2 to 89-3. Defendants also misleadingly cite the Bitkower Declaration. Opp. at 4. As Bitkower explained, Davis stated his view that while there was no "complete, accepted, definition of sustainability, he said sustainable yield is one aspect of it." ECF No. 89-1 ¶21. Defendants' citation omitted the underlined text here. Defendants also err in citing the wholly inapplicable *Bowleg* case (Opp. at 17), which involved a post-trial order in a criminal prosecution for alien smuggling. *United States v. Bowleg*, 567 F. App'x 784 (11th Cir. 2014).

[6] *BankAtlantic*, 851 F. Supp. 2d at 1312; *see Applied Micro Circuits*, 2002 WL 34716875, at *11 (accuracy of CW allegations "boils down to an issue of credibility to be determined by a trier of fact"); *In re Netbank, Inc. Sec. Litig.*, 2009 WL 2432359, at *6 (N.D. Ga. Jan. 29, 2009) (at pleading stage, "th[e] court may not inquire into the truthfulness of Plaintiffs' allegations . . . nor engage in the process of weighing the credibility of those allegations."); *Cliffs*, 2015 WL 6870110, at *4. Defendants also attempt to rely on *Lovelace*, but that case, like *Bryant*, permitted courts to consider SEC documents, not affidavits. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 n.1 (5th Cir.

Defendants also attempt to characterize Mr. Davis's email to Lead Plaintiffs' investigator following the filing of the Initial Complaint as consistent with his declaration. Opp. at 18-19. Defendants are wrong. The Initial Complaint – which Mr. Davis described as "well presented" – contained many of the exact same statements that the Davis declaration disputes. *See* Mot. at 4. Indeed, Mr. Davis spoke with Lead Counsel and their investigator after the filing of the Initial Complaint, and confirmed that the allegations in the Initial Complaint were "quite comprehensive," "well done," and "well presented." ECF No. 89-1 ¶¶12-14. Never did Mr. Davis challenge any of the statements in the Initial Complaint that he now contests were false; on the contrary, he confirmed those statements and participated in further interviews to provide additional information. *Id.* ¶¶10-35.

The Opposition also mistakenly attempts to rely on *Millennial Media*. Opp. at 18 (citing *In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918 (S.D.N.Y. May 29, 2015)). But that order did not involve a motion to dismiss; rather, plaintiffs had voluntarily dismissed their complaint without prejudice when four CWs disavowed the statements attributed to them. *Id.* at *5. Moreover, while the judge stated his preference that CWs be provided with complaints prior to their filing, the judge acknowledged that this preference was "not one of law."[7] Courts have rejected *Millennial Media*, stating that *Millennial Media* is "*dicta*, not followed by at least one other court in that district, ha[s] no precedential effect on this Court, and relate[s] only to the facts of that case." *Cliffs*, 2015 WL 6870110, at *4 n.5; *see also Kiken v. Lumber Liquidators Holdings, Inc.*, No. 4:13cv157, ECF No. 141, slip op. at *16 (E.D. Va. Dec. 21, 2015) (denying motion to dismiss and crediting CW allegations in PSLRA action despite defendants' arguments that CW

1996) ("We stress that our holding relates to public disclosure documents required by law to be filed, and actually filed, with the SEC, and not to other forms of disclosure . . . ." (citation omitted)); *Bryant*, 187 F.3d at 1279-80.

[7] *Id.* at *14 (emphasis added). The court further acknowledged that it was "unaware of any case or ethics canon" that supported certain of the court's observations. *Id.* at *13.

allegations should be disregarded under *Millennial Media*). Defendants' reliance on *Millennial Media* in this case is particularly inappropriate because, unlike the assertions of certain CWs in that case, Mr. Davis was aware his statements were being relied upon in the Amended Complaint, and stated in writing after receiving the Initial Complaint that he "found the case to be well presented."[8] Moreover, unlike the assertions of certain CWs in *Millennial Media*, Lead Plaintiffs' counsel and their investigator in this case spoke to Mr. Davis on multiple occasions and explained the investigative process supporting the complaint's allegations in a robust manner. In the present action, Lead Plaintiffs' counsel and their investigator fully stand behind their allegations.

Finally, Defendants suggest a deposition of Mr. Davis rather than strike his declaration. Opp. at 20 n.12. Defendants do not even attempt to meet the standards for lifting the PSLRA discovery stay, which requires a showing "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." *Cell Therapeutics*, 2010 WL 4791808, at *2 (denying request for deposition of CW at pleading stage); 15 U.S.C. § 78u–4(b)(3)(B) ("[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ."). In addition, even if the requirements for lifting the PSLRA stay were met, in order for any such deposition to be meaningful and fair, Rayonier would need to produce, in advance of the deposition, the internal documents and records pertinent to Mr. Davis, his responsibilities, and the subjects, persons, and meetings addressed in his declaration and the Amended Complaint.

## III. CONCLUSION

For these reasons, and as discussed in the Motion, the Court should strike or disregard the Davis declaration at the pleading stage.

---

[8] ECF No. 89-1 ¶¶12-14. Defendants also attempt to chide Co-Lead Counsel, Bernstein Litowitz, for being involved in the *Millennial Media* case. Opp. at 18. But they omit that the CW investigation in *Millennial Media* was conducted by a different law firm with different procedures. The Bitkower Declaration describes Bernstein Litowitz's thorough investigative procedures. ECF No. 89-1.

Dated: January 11, 2016

Respectfully Submitted,

**SAXENA WHITE P.A.**

*/s/ Lester R. Hooker*
Lester R. Hooker

Joseph E. White, III (FL Bar No. 621064)
Lester R. Hooker (FL Bar No. 32242
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
jwhite@saxenawhite.com
lhooker@saxenawhite.com

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gerald H. Silk (*pro hac vice*)
Avi Josefson (*pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
-and-
David R. Stickney (*pro hac vice*)
Jonathan D. Uslaner (*pro hac vice*)
Brandon Marsh (*pro hac vice*)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com
brandon.marsh@blbglaw.com

*Counsel for Lead Plaintiffs the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund and Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. This system will send electronic notice of filing to all counsel of record by operation of the Court's electronic filing system.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2016.

*/s/ Lester R. Hooker*
Lester R. Hooker