**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re Rayonier Inc. Securities
Litigation

Case No. 3:14-cv-1395-J-32JBT

## O R D E R

In this consolidated private securities fraud class action, Defendants Rayonier, Inc., Lynn Wilson, Hans Vanden Noort, and Paul Boynton move for the second time to dismiss the case on the grounds that Lead Plaintiffs Pension Trust Fund for Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund have failed to adequately plead their claims under the various applicable pleading standards. (Docs. 85, 86, 87, 88). The Court earlier granted Defendants' first motions to dismiss the consolidated class action complaint and allowed Lead Plaintiffs leave to amend. (Doc. 80). Defendants argue that Lead Plaintiffs have again failed to adequately plead that the allegedly fraudulent statements were false or misleading when made and were made with scienter. Lead Plaintiffs respond that they have more than met their heightened pleading obligations. (Doc. 90). Defendants filed a joint reply in support of their motions. (Doc. 92).

In addition, Lead Plaintiffs filed a motion to strike the declaration of a (formerly) confidential witness, arguing that Defendants improperly submitted a declaration that cannot be considered at the pleadings stage.[1] (Doc. 89). Defendants

---

[1] In that declaration, Larry Davis (referred to as "CW5") recants several key

jointly responded (Doc. 91), and, with the Court's leave, Lead Plaintiffs replied (Doc. 95). On April 20, 2016, the Court held a hearing on all pending motions. (Doc. 101).

Even after hearing from both parties on the motion to strike, the precise circumstances of Davis's discussions with Lead Plaintiffs' counsel and the circumstances under which he provided the information in his declaration to Defendants remain matters of debate. To support their argument that the Court should consider Davis's declaration, Defendants cite Campo v. Sears Holdings Corp., 371 F. App'x 212 (2d Cir. 2010), in which (in dicta in a footnote) the Second Circuit affirmed a district court's decision to consider a confidential witness declaration in conjunction with a motion to dismiss. However, having carefully reviewed Campo and the related authority Defendants provided, the Court is unpersuaded that considering the declaration or ordering that Davis be deposed is the proper course of action at this time. Prevailing Eleventh Circuit case law seems to prohibit the Court from considering Davis's declaration without converting the motion to dismiss into a motion for summary judgment, a course of action neither party requests. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."). In addition, at the hearing, Lead Plaintiffs' counsel certified under Federal Rule of Civil Procedure 11 that they have a "hundred percent" good faith basis to maintain Davis's allegations as alleged in the amended complaint. (Doc. 99 at 66).

---

statements attributed to him in the amended complaint. (Doc. 85-2).

Even taking into account the heightened pleading standards under the Private Securities Litigation Reform Act and Eleventh Circuit precedent, the Court finds that Lead Plaintiffs have met those pleading standards and will therefore deny Defendants' motions to dismiss.[2] Of course, the Court expresses no view of the ultimate merit of Lead Plaintiffs' claims.

Accordingly, it is hereby

**ORDERED:**

1. Defendants Rayonier, Wilson, Vanden Noort, and Boynton's motions to dismiss (Docs. 85, 86, 87, 88) the Amended Consolidated Class Action Complaint (Doc. 84) are **DENIED**.

2. Lead Plaintiffs' motion to strike the declaration of a confidential witness (Doc. 89) is **MOOT**.

3. Defendants shall file their answers to the amended complaint by **June 23, 2016**.

4. The parties may initiate discovery.

5. The parties shall file a joint case management report, with specific deadlines for all case events, and a detailed discovery plan by **July 29, 2016**.

6. A discovery and case scheduling conference is **SET** for **September 1, 2016 at 10:00 A.M.** before the undersigned in Courtroom 10D, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[3] The parties should be

---

[2] In so doing, the Court is skeptical regarding the viability of the allegations about merchantable timber inventory.

[3] All persons entering the Courthouse must present photo identification to

3

prepared to discuss, among other things, the scope of discovery, the merchantable timber inventory issue, and whether it is appropriate to delay class certification practice pending a decision on any potential motions for summary judgment.

**DONE AND ORDERED** in Jacksonville, Florida the 20th day of May, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies to:

Counsel of record

---

Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.