**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE RAYONIER INC. SECURITIES LITIGATION

Case No. 3:14-cv-1395-TJC-JBT

**CLASS ACTION**

# CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))** | Already completed by the parties. |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Already completed by the parties. |
| **Motions to Add Parties or to Amend Pleadings**, absent Court order | March 24, 2017. |
| **Fact Discovery (including third party discovery) Deadline** | May 1, 2017. |
| **Plaintiffs' Motion for Class Certification** | To be determined at September 1, 2016 conference.<br><br>- Plaintiffs propose that briefing coincide with briefing on summary judgment.<br><br>- Defendants propose the following briefing schedule: Motion and opening brief – September 21, 2016; Defendants' response – November 17, 2016; Plaintiffs reply – December 18, 2016. |

| | |
|---|---|
| **Disclosure of Expert Reports**<br><br>Expert reports on issues where party bears burden of proof:<br><br>Expert reports on issues where party does not bear burden of proof:<br><br>Expert reply reports:<br><br>Expert discovery deadline: | <br><br>June 1, 2017<br><br>July 1, 2017<br><br>August 1, 2017<br><br>September 1, 2017 |
| **Dispositive (including Summary Judgment) and Daubert Motions**<br><br>**Opposition**<br><br>**Reply** | October 2, 2017<br><br>November 2, 2017<br><br>December 2, 2017 |
| **Trial Term Begins** | February 2018 |
| **Estimated Length of Trial** [trial days] | 21 trial days |
| **Jury / Non-Jur**y | Jury |
| **Mediation**<br>Deadline:<br><br><br>Mediator:<br>Address:<br><br><br><br>Telephone: | The Lead Plaintiffs and Rayonier Inc. have already participated in mediation before:<br><br>Jed. D. Melnick, Esq.<br>JAMS New York<br>620 Eighth Avenue, 34th Floor<br>New York, NY 10018<br><br>(646) 688-4410<br><br>The parties are agreeable to conducting additional mediation efforts (if any) before an agreed-upon mediator. |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and all counsel and/or Unrepresented parties shall execute the attached Form AO-85. | Yes____ No_X__ |

## I. Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court). Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held (by agreement, via conference call) on June 21, 2016 at 2:00 pm and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Joseph E. White, III | Lead Plaintiffs |
| Jonathan D. Uslaner | Lead Plaintiffs |
| Janine C. Metcalf | Rayonier Inc. |
| Michael J. McConnell | Rayonier Inc. |
| Charles Trippe | Rayonier Inc. |
| Jeffrey Wang | Paul Boynton |
| Michael Palmieri | Paul Boynton |
| John Hendele | Hans Vanden Noort |
| John DeVault | N. Lynn Wilson |
| Michael Lockamy | N. Lynn Wilson |

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases. This is a Track Three case. The parties believe that the issues to be addressed at the mandatory preliminary pretrial conference are included in the items set forth in this Case Management Report.

## III. Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

The parties (check one) [X] have exchanged [_] agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) on or by July 21, 2016, which is 30 days after the parties' Case Management Report meeting.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so **immediately**. Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

### B. Discovery Plan/Deadline

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. Parties should exchange discovery in the most efficient way, which usually means electronically. In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States

District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in Local Rule 3.01(g). The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in unilateral noticing that a motion will be filed. In addition to agreeing to comply with the above, the parties agree as follows:

The parties agree to deem the delivery of written discovery requests and deposition notices via email as service by mail. The parties further agree to provide Word versions of any written discovery requests to facilitate the responding party's written responses.

The parties agree to produce paper documents and electronically stored information ("ESI") on a rolling basis. Defendants have agreed that they will complete their production of paper documents and ESI by December 23, 2016. Rayonier, Inc. ("Rayonier") agrees to produce documents in three waves, in accordance with the following schedule:

First Production: September 23, 2016

Second Production: November 4, 2016

Third Production: December 23, 2016

Notwithstanding the foregoing, Rayonier states that Rayonier's agreement to the production schedule and discovery deadline is based upon certain assumptions regarding the volume of documents and ESI, and the search terms to be applied to those documents and ESI. Rayonier reserves the right to request a modification to the schedule if the actual volume of

documents and ESI differ from Rayonier's current assumptions. If the need arises, the parties agree to meet and confer in good faith to adjust the schedule accordingly.

The parties agree that no later than 30 days after each production, the parties shall produce a privilege log logging all documents in that production that are partially redacted or wholly withheld on the basis of any purported privilege or protection. The parties shall not be required to list on their respective privilege logs documents evidencing communications (i) solely between or among counsel, including outside counsel and in-house counsel for the parties that pertain to and transpired after the commencement of this action; and (ii) to or from outside counsel solely to or from their client that pertain to and transpired after the commencement of this action.

The parties will meet and confer in good faith regarding the number and timing of fact witness and expert witness depositions.

**C. Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without

first having obtained an order granting leave to file under seal on a showing of particularized need."

With respect to confidentiality agreements, the parties have agreed upon a confidentiality agreement consistent with the Court's Local Rules, a copy of which is attached as Exhibit A.

In connection with the filing of confidential information, to the extent practicable, a Party who seeks to file with the Court any "Confidential Information" (as defined in the parties' agreement) produced by another party or non-party, or any papers containing or revealing such information, will meet and confer with the producing party or non-party to discuss whether the identified material should be filed under seal. Absent agreement to remove the designation, the parties have agreed upon a procedure for filing Confidential Information with the Court as follows:

The party or non-party seeking to file with the Court Confidential Information (or any summary of or quotation to Confidential Information) shall file in the public record only a redacted version of the filing such that the Confidential Information (or any summary of or quotation from the Confidential Information) is not available for public view (hereinafter, the "Redacted Papers"). The filing party shall contemporaneously with the filing of the Redacted Papers notify by electronic mail the producing party's (or non-party's) counsel (with copies to all counsel of record) informing counsel that the filing contains Redacted Papers. Any party or non-party that wishes to maintain the confidential treatment of all or part of the Redacted Papers shall have five (5) business days to file any motion(s) to seal pursuant to the Local Rules of the United States District Court for the Middle District of Florida. In the event that no party or non-party files such a motion to seal within the five (5) day period, the Redacted Information shall be

deemed not to be Confidential Information. Any party opposing such a motion to seal shall file a response within five (5) business days after the filing of the motion.

Any party filing Redacted Information shall send a courtesy copy of the filing (in unredacted form) to the Judge's chambers, with a letter (copying counsel of record) informing the Court that the filing contains Confidential Information pursuant to a confidentiality agreement among the parties, and that any party or non-party seeking to maintain the confidential status of the Redacted Information shall file a motion to seal within five (5) business days of the filing of the Redacted Information.

In the event that the Court denies any such motion to seal, the party filing the Redacted Information shall then file another copy in the public record containing (in unredacted form) the previously-redacted information that the Court did not consider appropriate for sealing.

**D. Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information ("ESI") as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The parties have met and conferred concerning the collection and production of ESI, and have agreed upon an ESI protocol. This protocol includes sources of data that Defendants have agreed to search, a preliminary list of document custodians, and metadata that Defendants have agreed to produce.

The parties have filed a joint motion under Federal Rule of Evidence 502 limiting waiver of attorney-client privilege and work product. *See* Dkt. No. 109.

**V. Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.

The Lead Plaintiffs and Rayonier have already held one mediation session before Jed Melnick of JAMS New York, and agree to remain in communication about the potential for settlement discussions. To the extent that this Court will require additional mediation, the Parties request that the matter be assigned to Jed Melnick of JAMS New York or another mediator mutually agreeable among the parties.

**VI. Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

As noted above, the parties submit that this case, which involves class action claims, should retain Track Three status. The parties request a special setting for the trial of this matter.

Dated:  July 29, 2016

Respectfully Submitted,

**SAXENA WHITE P.A.**

*/s/ Joseph E. White, III*
Joseph E. White, III

Maya Saxena (FL Bar No. 95494)
Joseph E. White, III (FL Bar No. 621064)
Lester R. Hooker (FL Bar No. 32242)
Brandon T. Grzandziel (FL Bar No. 58732)
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone:  (561) 394-3399
Facsimile:   (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
brandon@saxenawhite.com

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*
David R. Stickney

David R. Stickney (*pro hac vice*)
Jonathan D. Uslaner (*pro hac vice*)
Brandon Marsh (*pro hac vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com
brandon.marsh@blbglaw.com

*Counsel for Lead Plaintiffs the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund and Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON LLP**

Robert D. Klausner
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiff the Lake Worth Firefighters' Pension Trust Fund*


*/s/ Janine Cone Metcalf*
Janine Cone Metcalf

Janine Cone Metcalf (*Admitted pro hac vice*)
Trial Counsel
Email : jmetcalf@jonesday.com
Michael J. McConnell (*Admitted pro hac vice*)
Trial Counsel
Email: mmcconnell@jonesday.com
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel: 404-581-3939
Fax: 404-581-8330

Charles M. Trippe, Jr.
Trial Counsel
Florida Bar No. 69760
E-mail: cmtrippe@mppkj.com
Joni Alexis Poitier
Florida Bar No. 0022861
E-mail: japoitier@mppkj.com
MOSELEY, PRICHARD, PARRISH, KNIGHT & JONES
501 W Bay Street, Suite 200
Jacksonville, FL 32202
Tel: 904-356-1306
Fax: 904-254-0194

*Attorneys for Defendant Rayonier Inc.*

*/s/ Jeffrey R. Wang*
Jeffrey R. Wang (*admitted pro hac vice*)
Trial Counsel
Email: jwang@fklaw.com
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10036-6516
Tel.: 212-833-1100
Fax: 212-833-1250

-and-

Christopher Ryan Maloney
Florida Bar No. 0652903
Email: cmaloney@foley.com
FOLEY & LARDNER LLP
1 Independent Drive – Suite 1300
PO Box 240
Jacksonville, FL 32202-0240
Tel.: 904-359-2000
Fax: 904-359-8700

*Attorneys for Defendant Paul G. Boynton*

*/s/ Andrew W. Shilling*
Andrew W. Schilling (*admitted pro hac vice*)
Email: aschilling@buckleysandler.com
John M. Hendele IV (admitted pro hac vice)
Email: jhendele@buckleysandler.com
Caroline K. Eisner (admitted pro hac vice)
Email: ceisner@buckleysandler.com
BUCKLEYSANDLER LLP
1133 Avenue of the Americas, Suite 3100
New York, New York 10036
Tel.: 212-600-2400
Fax: 212-600-2405

        John R. Chiles, Esq.
        Florida Bar No. 12539
        Email: jchiles@burr.com
        BURR & FORMAN LLP
        350 East Las Olas Boulevard, Suite 1420
        Ft. Lauderdale, Florida 33301
        Tel.: 954-414-6203
        Fax: 954-414-6201

        Gennifer L. Bridges, Esq.
        Florida Bar No. 72333
        gbridges@burr.com
        BURR & FORMAN LLP
        200 South Orange Avenue, Suite 800
        Orlando, Florida 32801
        Tel.: 407-540-6600
        Fax: 321-349-0722

        *Attorneys for Defendant Hans Vanden Noort*

        */s/ John A. DeVault, III*
        John A. DeVault, III
        Florida Bar No. 103979
        JAD@bedellfirm.com
        Michael E. Lockamy
        Florida Bar No. 69626
        MEL@bedellfirm.com
        BEDELL, DITTMAR, DeVAULT,
        PILLANS & COXE
        The Bedell Building, 101 East Adams Street
        Jacksonville, Florida 32202
        Tel.: 904-353-0211
        Fax. 904-353-9307

        *Counsel for Defendant Nancy Lynn Wilson*

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

I hereby disclose the following pursuant to this Court's interested persons order:

1.) the name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

[insert list]

2.) the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

[insert list]

3.) the name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

[insert list]

4.) the name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

[insert list]

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

[Date] ______________________________

[Counsel of Record]
[Address and Telephone]

[Certificate of Service]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. This system will send electronic notice of filing to all counsel of record by operation of the Court's electronic filing system.

*/s/ Joseph E. White, III*
Joseph E. White, III