# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | CIVIL ACTION NO.<br><br>3:14-cv-1395-TJC-JBT |

## CONFIDENTIALITY AGREEMENT

This Agreement is made and entered into as of this 28th day July 2016, between and among the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund, on behalf of themselves and the putative class (the "Lead Plaintiffs"), Rayonier Inc., Paul Boynton, Hans Vanden Noort and Nancy Lynn Wilson (together, the "Parties," or, individually, a "Party").

WHEREAS, discovery in this matter may include production of documents, data and tangible things that contain or constitute trade secrets or other highly sensitive business or personal information;

WHEREAS, the Parties seek to facilitate discovery and to prevent the unauthorized disclosure or use of such confidential information that they may produce or that third parties may produce;

NOW THEREFORE, for valuable consideration, the Parties agree as follows:

1. Any Party or non-party may designate as "CONFIDENTIAL" any document, data or tangible thing, or any part thereof, that contains, reflects or discloses (i) highly confidential personal information; (ii) trade secrets; or (iii) other confidential research, development, or commercial information, the disclosure of which would cause a party competitive harm. The

"CONFIDENTIAL" designation extends to the documents, data and tangible things so designated as well as to the substance of the information so designated, including any excerpts, studies, compilations or other documents containing or reflecting said information. Documents, data and tangible things so designated are hereinafter collectively referred to as "Confidential Information."

2. Confidential Information shall not include any information that is or was public knowledge as of the time of the making of this Agreement, or that subsequent to the making of this Agreement becomes public knowledge, provided that it does not become public knowledge through a violation of this Agreement or other violation of law. Confidential Information also shall not include documents, data or tangible things that are already in the requesting Party's possession where such are (i) received without restriction, (ii) received without violation of any confidentiality or non-disclosure agreement or obligation in effect at the time the same were transmitted, or (iii) are otherwise available to the general public.

3. Confidential Information may be designated as "CONFIDENTIAL" in the following manner:

(a) By prominently imprinting the word "CONFIDENTIAL" (i) on each page of the document; (ii) on the first page of a voluminous document, identifying the entire document as confidential; (iii) by an appropriate and conspicuous designation or labeling as "CONFIDENTIAL" in any data compilation (whether or not embodied in a tangible medium); or (iv) on a prominent place on each tangible thing which the producing Party wishes to designate as confidential;

(b) By prominently imprinting the word "CONFIDENTIAL" next to or above any response to an interrogatory, request for admission or other discovery request;

NAI-1501697810

(c) By indicating on the record at a deposition that a Party or non-party designates the testimony, in whole or in part, as Confidential Information. In addition to making the designation at the time of deposition, any Party or non-party also may designate the deposition transcript, in whole or in part, as "CONFIDENTIAL" by notifying counsel of record for all other Parties and the court reporter in writing within thirty (30) days after receipt of the transcript of those portions of the transcript to be so designated. During that thirty-day period, the transcript shall be deemed confidential in its entirety. If no such designation is made either at the time of a deposition or by the expiration of said thirty-day period, the entire transcript shall be deemed non-confidential.

4. In the event a Party or non-party produces documents or data as maintained in the ordinary course of business and an authorized inspecting Party desires to inspect them first before any copies are made, no "CONFIDENTIAL" designation need be made by the Party or non-party in advance of said inspection. For purposes of the inspection of such material, all documents and data so produced shall be considered initially as having been designated "CONFIDENTIAL." Thereafter, upon selection of specified documents or data by the inspecting Party for copying, the producing Party or non-party shall mark as "CONFIDENTIAL" the specific documents or data it wishes to so designate.

5. Nothing in this Agreement, nor any failure by any Party to make a designation (or to challenge a designation) of confidentiality, shall be construed as an admission or agreement that any specific document, data or tangible thing (i) is or is not Confidential Information; (ii) is or is not subject to discovery; or (iii) is or is not admissible in evidence.

6. Confidential Information, including any summary, description, analysis or report containing such Confidential Information, shall not be shown to or discussed with any person or entity other than the following "Permitted Recipients":

(a) The Parties;

(b) Counsel of record for each Party;

(c) The Parties' experts and consultants (and the secretarial and clerical staffs of such experts and consultants), upon the condition that the experts and consultants, for themselves and their staff members, shall agree in writing to be bound by the terms of this Agreement, as set forth in Exhibit A;

(d) Any accountants or auditors of a Party to whom disclosure is reasonably deemed to be required by law or by the standard pursuant to which such accountants or auditors adhere in the performance of services to a Party;

(e) A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of this Paragraph 6, the disclosing Party has a good faith basis for discussing or revealing the Confidential Information to the witness, for the sole purpose of prosecuting or defending this action;

(f) A witness for any private interview conducted by or for a Party, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of this Paragraph 6, the disclosing Party has a good faith basis for discussing or revealing the Confidential Information to the witness for the sole purpose of prosecuting or defending this action, provided that such witness has either agreed in writing to be bound by the

terms of this Agreement (as set forth in Exhibit A), or is subject to a Court order requiring the witness to be bound by the provisions of this Agreement;

   (g) The Court, persons employed by the Court, jurors and prospective jurors in this action, appellate courts, and appellate court personnel performing judicial functions related to this case;

   (h) Court reporters or videographers recording or transcribing testimony or argument in this action;

   (i) Mediators or arbitrators that the Parties engage or that the Court appoints in this litigation, and their employees;

   (j) Clerical, ministerial, or litigation support service providers (such as contract attorneys/paralegals, or copy, electronic discovery or trial presentation vendors) retained to assist a Party or its counsel; and

   (k) The Parties' insurers.

  7. When providing information designated as "CONFIDENTIAL" to any witnesses, deponents, or other non-parties who are Permitted Recipients, the Party providing that Confidential Information shall inform such recipients and their counsel of the requirements of this Agreement. No witnesses or deponents or their counsel (except to the extent that counsel represents a Party) shall be permitted to retain any Confidential Information.

  8. Each Party who provides information to a Permitted Recipient pursuant to Paragraph 6(c) or (f) shall be under an affirmative obligation to preserve and maintain the executed copies of the Permitted Recipient's agreement in writing to be bound by the terms of this Agreement, as set forth in Exhibit A.

9. Information designated as "CONFIDENTIAL" shall be maintained by the receiving Party and Permitted Recipients in confidence, and in a secure and safe manner, and may be used by the receiving Party and the Permitted Recipient only for the purpose of this litigation or for the purpose of providing accounting or audit services, as set forth in Paragraph 6.

10. Any Party may request that a Party or non-party remove a "CONFIDENTIAL" designation from a document or transcript. Upon receipt of such request, the producing Party or non-party shall negotiate in good faith with the Party requesting the removal of the "CONFIDENTIAL" designation. If no agreement can be reached within five (5) business days of the request to remove the designation, a Party may seek an order from the Court permitting the use of the document without the restrictions set forth in this Agreement. The Party opposing such a motion shall have five (5) business days to respond to any such motion. The Party asserting the designation as "CONFIDENTIAL" shall have the burden to establish why the "CONFIDENTIAL" designation is appropriate.

11. To the extent practicable, a Party who seeks to file with the Court any Confidential Information produced by another Party or non-party, or any papers containing or revealing such information, will meet and confer with the producing Party or non-party to discuss whether the identified material should be filed under seal. Absent agreement to remove the designation, the procedure for filing Confidential Information with the Court shall be as set forth in Paragraphs 12-14 below.

12. The Party or non-Party seeking to file with the Court Confidential Information (or any summary of or quotation to Confidential Information) shall file in the public record only a redacted version of the filing such that the Confidential Information (or any summary of or quotation from the Confidential Information) is not available for public view (hereinafter, the

NAI-1501697810

"Redacted Papers"). The filing Party shall contemporaneously with the filing of the Redacted Papers notify by electronic mail the producing Party's (or non-party's) counsel (with copies to all counsel of record) informing counsel that the filing contains Redacted Papers. Any Party or non-party that wishes to maintain the confidential treatment of all or part of the Redacted Papers shall have five (5) business days to file any motion(s) to seal pursuant to Local Rules of the United States District Court for the Middle District of Florida. In the event that no Party or non-Party files such a motion to seal within the five (5) day period, the Redacted Information shall be deemed not to be Confidential Information under this Agreement. Any Party opposing such a motion to seal shall file a response within five (5) business days after the filing of the motion.

13. Any Party filing Redacted Information shall send a courtesy copy of the filing (in unredacted form) to the Judge's chambers, with a letter (copying counsel of record) informing the Court that the filing contains Confidential Information pursuant to a confidentiality agreement among the Parties, and that any Party or non-party seeking to maintain the confidential status of the Redacted Information shall file a motion to seal within five (5) business days of the filing of the Redacted Information.

14. In the event that the Court denies any such motion to seal, the Party filing the Redacted Information shall then file another copy in the public record containing (in unredacted form) the previously-redacted information that the Court did not consider appropriate for sealing.

15. Subject to the provisions herein, if another court, administrative agency, or any other tribunal issues a subpoena for or orders the production of Confidential Information that a Party has obtained through discovery in this case under the terms of this Agreement, such Party shall immediately notify the producing Party or non-party of the pendency of such subpoena or order, shall object to such production on the basis of this Agreement, and shall use its reasonable

best efforts to afford the producing Party or non-party an opportunity to be heard by the court, administrative agency, or other tribunal prior to any disclosure of Confidential Information.

16. Any document, data or tangible thing not designated as "CONFIDENTIAL" at the time of its production may later be designated "CONFIDENTIAL" by the disclosing Party or non-party by notifying all recipients in writing of the CONFIDENTIAL designation, and thereafter all recipients shall treat the subsequently designated document, data or tangible thing as Confidential Information in accordance with the terms of this Agreement to the extent that such document, data or tangible thing has not been made public.

17. In the event any person or Party subject to this Agreement violates or threatens to violate any term of this Agreement, the aggrieved Party or non-party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Agreement. In any such proceeding, no person subject to the provisions of this Agreement shall assert as a defense that the aggrieved Party or non-party possesses an adequate remedy at law, nor shall that person or Party demand or request surety or bond for any injunction that may issue by the Court.

18. The Parties, any non-party seeking the protections of this Agreement, and all persons agreeing to the bound by this Agreement consent to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing this Agreement.

19. The provisions of this Agreement shall survive the termination or conclusion of this action.

20. Within 120 days after the final conclusion of this action, including all appeals, all Confidential Information and all copies of same (other than exhibits of record) shall be returned to the designating Party or non-party or destroyed, unless the designating Party or non-party

agrees in writing to some other disposition. Each Party shall confirm in writing that all documents have been returned to the designated Party or non-party or destroyed and that no Confidential Information has been retained or remains in the possession of the non-designating Party. Notwithstanding the foregoing, attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action need not be returned or destroyed, but shall remain subject to the provisions of this Agreement.

21.   Nothing in this Agreement shall limit in any respect what a Party or non-party may do with its own documents, data and tangible things. Portions of deposition transcripts designated "CONFIDENTIAL" by a Party or non-party shall constitute that Party's own documents for purposes of this Agreement.

22.   The deadlines set forth in this Agreement may be extended by agreement of the Parties.


DATED:      July 28, 2016


*[Signatures Appear on Following Pages]*


*[signature: Joseph E. White (by permission Janine Metcalf)]*    *[signature: Janine Cone Metcalf]*

Joseph E. White, III (FL Bar No. 621064)
Maya Saxena (FL Bar No. 95494)
Lester R. Hooker (FL Bar No. 32242)
Brandon T. Grzandziel (FL Bar No. 58732)
SAXENA WHITE P.A.
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Tel: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
brandon@saxenawhite.com

-and-

David R. Stickney (*pro hac vice*)
Jonathan D. Uslaner (*pro hac vice*)
Brandon Marsh (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com
brandon.marsh@blbglaw.com

*Counsel for Lead Plaintiffs the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund and Lead Counsel for the Class*

-and-

Robert D. Klausner
KLAUSNER, KAUFMAN, JENSEN
& LEVINSON LLP
7080 Northwest 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiff the Lake Worth Firefighters' Pension Trust Fund*

Janine Cone Metcalf (*pro hac vice*)
Michael J. McConnell (*pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel: 404-581-3939
Fax: 404-581-8330
jmetcalf@jonesday.com
mmcconnell@jonesday.com

-and-

Charles M. Trippe, Jr. (FL Bar No. 69760)
Joni Alexis Poitier (FL Bar No. 0022861)
MOSELEY, PRICHARD, PARRISH,
KNIGHT & JONES
501 W Bay Street, Suite 200
Jacksonville, FL 32202
Tel: 904-356-1306
Fax: 904-254-0194
cmtrippe@mppkj.com
japoitier@mppkj.com

*Attorneys for Defendant Rayonier Inc.*

NAI-1501697810

*Jeffrey Wang (by permission Jennine Cave Metcalf)*
Jeffrey R. Wang

Jeffrey R. Wang (*pro hac vice*)
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
Tel.: 212-833-1100
Fax: 212-833-1250
jwang@fklaw.com

-and-

Christopher R. Maloney (FL Bar No. 0652903)
FOLEY & LARDNER LLP
1 Independent Drive – Suite 1300
PO Box 240
Jacksonville, FL 32202-0240
Tel.: 904-359-2000
Fax: 904-359-8700
cmaloney@foley.com

*Attorneys for Defendant Paul G. Boynton*

*John M Hendele (by permission Jennine Cave Metcalf)*
Andrew W. Schilling

Andrew W. Schilling (*pro hac vice*)
John M. Hendele IV (*pro hac vice*)
Caroline K. Eisner (*pro hac vice*)
BUCKLEY SANDLER LLP
1133 Avenue of the Americas, Suite 3100
New York, New York 10036
Tel.: 212-600-2400
Fax: 212-600-2405
aschilling@buckleysandler.com
jhendele@buckleysandler.com
ceisner@buckleysandler.com

-and-

John R. Chiles (FL Bar No. 12539)
BURR & FORMAN LLP
350 East Las Olas Boulevard, Suite 1420
Ft. Lauderdale, Florida 33301
Tel.: 954-414-6203
Fax: 954-414-6201
jchiles@burr.com

-and-

Gennifer L. Bridges (FL Bar No.72333)
BURR & FORMAN LLP
200 South Orange Avenue, Suite 800
Orlando, Florida 32801
Tel.: 407-540-6600
Fax: 321-349-0722
gbridges@burr.com

*Attorneys for Defendant Hans Vanden Noort*

*/s/ Michael E. Lockamy (by permission James Cole Metcalf)*
John A. DeVault, III

John A. DeVault III (FL Bar No. 103979)
Michael E. Lockamy (FL Bar No. 69626)
BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
The Bedell Building, 101 East Adams Street
Jacksonville, Florida 32202
Tel.: 904-353-0211
Fax. 904-353-9307
JAD@bedellfirm.com
MEL@bedellfirm.com

*Counsel for Defendant Nancy Lynn Wilson*

# EXHIBIT A

1. I, _____, have read the attached Confidentiality Agreement and agree to be bound by its terms with respect to any documents, data or tangible things that are furnished to me as set forth in the attached Confidentiality Agreement.

2. I will not directly or indirectly disclose any documents, data or tangible things designated "CONFIDENTIAL" to anyone who is not otherwise permitted to receive them under the attached Confidentiality Agreement.

3. I hereby consent to the jurisdiction of the United States District Court for the Middle District of Florida, solely for purposes of enforcing the terms of the attached Confidentiality Agreement.

4. I hereby agree that any documents, data or tangible things marked "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes permitted by the attached Confidentiality Agreement, and for no other purposes, and will be returned to the person who furnished such documents, data or tangible things to me or destroyed at the conclusion of said litigation.

_____

Signature                                                      Date