UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re Rayonier Inc. Securities
Litigation

CASE NO. 3:14-cv-1395-J-32JBT

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Rayonier Inc.'s Unopposed Motion to Seal Exhibit C Filed with Lead Plaintiffs' Motion for Class Certification ("Motion to Seal") (Doc. 126).  For the reasons set forth herein, the Motion to Seal is due to be **GRANTED**.

### I.    Background

On December 15, 2016, Plaintiffs filed a Motion for Class Certification ("Class Motion") (Doc. 123).  Pursuant to the parties' Confidentiality Agreement (Doc. 110-1), Plaintiffs redacted Exhibits A, B, and C, which were designated confidential, in their entirety, as well as the references thereto in the Class Motion.[1]  Defendant then filed the instant Motion to Seal, seeking to seal only Exhibit C and the single reference thereto in the Class Motion.  Plaintiffs do not oppose the request.

### II.    Standard

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents."  *Romero v.*

_____

[1] Unredacted copies, which the Court has reviewed, were provided to chambers.

*Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.*" Id.*

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing the factors to be considered in balancing these interests). Even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is duty bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

## III.    Analysis

As described by Defendant, Exhibit C is a "document entitled 'REIT Asset Test Comprehensive Valuation Results for Timberland, Timber and Real Estate as of 12/31/12' and an accompanying e-mail describing valuation results, methods, and assumptions used by Rayonier in connection with Real Estate Investment Trust ('REIT') asset test compliance." (Doc. 126 at 3.) Defendant argues that the exhibit, and the reference thereto in the Class Motion, should be sealed because the exhibit contains "proprietary and confidential internal business documents," as well as "trade secrets and confidential commercial information, the disclosure of which would

cause Rayonier competitive harm." (*Id.*)  Defendant has submitted an affidavit from its Director of Land Asset Management attesting to the same.  (Doc. 126-1.)

Although Exhibit C may be subject to the common law right of access, Defendant has shown good cause to seal the exhibit and the reference thereto in the Class Motion.  Upon review, Exhibit C contains confidential and proprietary business information, including valuations, financial data, and projections, the release of which could cause Defendant competitive harm.  Given the nature of the exhibit, there is no less restrictive method available to protect this information.  Moreover, Defendant's interest in preserving the confidentiality of the information outweighs any interest the public may have in this information.  *See Romero*, 480 F.3d at 1246 ("A party's privacy . . . interest in information sometimes overcomes the interest of the public in accessing the information.").  *See also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same).  Therefore, good cause exists to seal the subject exhibit and the reference thereto until further order of the Court.  *See* M.D. Fla. R. 1.09(c).  However, Exhibits A and B, and the references thereto in the Class Motion, which are not part of the Motion to Seal, will not be sealed and must be filed on the public docket.

Accordingly, it is **ORDERED**:

1.      The Motion to Seal (**Doc. 126**) is **GRANTED**.

2.      **On or before January 23, 2017**, Plaintiffs shall file **on the public docket** a version of the Class Motion (Doc. 123) and attached exhibits with only Exhibit C and the reference thereto redacted.  Exhibits A and B, and the references thereto, shall not be redacted.

3.      **On or before January 23, 2017**, Plaintiffs shall submit in hard copy and on disc an unredacted version of the Class Motion, which includes the reference to Exhibit C, and an unredacted version of Exhibit C, to the Clerk's office to be filed **under seal**.  These documents shall remain under seal until further order of the Court.

    **DONE AND ORDERED** at Jacksonville Florida, on January 11, 2017.

*Joel B. Toomey*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

4