UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re Rayonier Inc. Securities
Litigation

CASE NO. 3:14-cv-1395-J-32JBT

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Rayonier Inc.'s Unopposed Motion to Seal Exhibits B, C, D, K, L, Q, and S Filed with Defendants' Memorandum in Opposition to Lead Plaintiffs' Motion for Class Certification ("Motion to Seal") (Doc. 139).  For the reasons set forth herein, the Motion to Seal is due to be **GRANTED**.

### I.    Background

On February 13, 2017, Defendants filed their Memorandum in Opposition to Lead Plaintiffs' Motion for Class Certification ("Response") (Doc. 138).  Pursuant to the parties' Confidentiality Agreement (Doc. 110-1), Defendants redacted Exhibits B, C, D, K, L, Q, and S in their entirety, and the references to Exhibits Q and S on page 15 of the Response.  On the same day, Defendant Rayonier Inc. ("Defendant") filed the instant Motion to Seal, which asks the Court to seal the aforementioned exhibits and references thereto.  Plaintiffs do not oppose the request.

### II.   Standard

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents."  *Romero v.*

*Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Id.*

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing the factors to be considered in balancing these interests). Even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is duty bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

**III.   Analysis**

As described by Defendant, Exhibits B, C, D, and K are "long range plan ('LRP') board materials containing valuations, assumptions, and results" from Defendant's Board of Directors LRP Presentations in 2008–2011. (Doc. 139 at 3.) Defendant describes Exhibit L as a "harvest planning document discussing internal business strategy and containing information related to valuations, assumptions, and results." (*Id.*) Defendant argues that the Court should seal these exhibits because they contain "internal business strategy, trade secrets, and confidential commercial information," as well as other "sensitive and proprietary business information," the

"disclosure of which would cause [Defendant] competitive harm." (*Id.* at 3–4.) Defendant has submitted declarations from its Director of Financial Services and Corporate Controller, and from its Director of Land Asset Management, attesting to the same. (Docs. 139-1 & 139-2.)

Defendant also requests, on behalf of non-party Advisory Research Inc. ("ARI"), that the Court seal Exhibits Q and S, and the references thereto on page 15 of the Response. ARI represents that these memoranda contain "protected trade secrets" and "valuation results, methods and assumptions related to how ARI value's [sic] [Defendant's] stock," which "are commercially sensitive, such that making these documents public would allow ARI's competitors to be able to acquire valuable insight into the strategy and operations of ARI." (Doc. 139 at 2, 10–11.) Defendant has submitted a declaration from ARI's Chief Legal Officer attesting to the same. (Doc. 139-3.)

Although the exhibits at issue may be subject to the common law right of access, Defendant has shown good cause to have the Court seal these exhibits, and the references to Exhibits Q and S on page 15 of the Response. The exhibits contain confidential and proprietary business information, including valuations, business strategy, and trade secrets, the release of which could cause Defendant and ARI competitive harm. Given the nature of the exhibits, there is no less restrictive method available to protect this information. Moreover, Defendant's and ARI's interest in preserving the confidentiality of the information outweighs any

interest the public may have in this information. *See Romero*, 480 F.3d at 1246 ("A party's privacy . . . interest in information sometimes overcomes the interest of the public in accessing the information."). *See also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same). Therefore, good cause exists for the Court to seal the subject exhibits, and the references to Exhibits Q and S on page 15 of the Response, until further order of the Court. *See* M.D. Fla. R. 1.09(c).

Accordingly, it is **ORDERED**:

1. The Motion to Seal (**Doc. 139**) is **GRANTED**.

2. **On or before February 24, 2017**, Defendant shall submit in hard copy and on disc an unredacted version of the Response (Doc. 138), which includes the references to Exhibits Q and S on page 15, and unredacted versions of Exhibits B, C, D, K, L, Q, and S, to the Clerk's office to be filed **under seal**. These documents shall remain under seal until further order of the Court.

**DONE AND ORDERED** at Jacksonville Florida, on February 14, 2017.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record