EXHIBIT 2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC <br><br> **CLASS ACTION** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 12, 2017 (the "Stipulation"), is entered into between (a) the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund, on behalf of themselves and the Settlement Class (defined below)[1]; and (b) defendants Rayonier Inc., Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson, and embodies the terms and conditions of the settlement of the above-captioned Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended fully, finally and forever to compromise, settle, release, discharge, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants as set forth below.

WHEREAS:

A.      Beginning on November 12, 2014, class action complaints were filed in the United States District Court for the Middle District of Florida, styled *Sating v. Rayonier Inc.,* 3:14-cv-1395; *Keasler v. Rayonier Inc.*, 3:14-cv-1398; *Lake Worth Firefighters' Pension Trust Fund v. Rayonier Inc.*, 3:14-cv-1403; *Christie v. Rayonier Inc.,* 3:14-cv-1429; and *Brown v. Rayonier Inc.*,

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

3:14-cv-1474.[2]  These cases were consolidated by order dated January 9, 2015, and referred to thereafter as *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395.

B.      By Order dated February 25, 2015, the Court appointed the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. as Lead Counsel for the class.

C.      On April 7, 2015, Lead Plaintiffs filed their Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "First Consolidated Complaint"), asserting claims on behalf of purchasers of Rayonier common stock between September 22, 2011, and November 7, 2014, against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the First Consolidated Complaint alleged that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.  The First Consolidated Complaint further alleged that the price of Rayonier common stock was artificially inflated as a result of the allegedly false and misleading statements, and declined when, according to the First Consolidated Complaint, the truth was revealed.

D.      On May 15, 2015, Defendants filed motions to dismiss the First Consolidated Complaint.  On June 15, 2015, Lead Plaintiffs filed their opposition and, on July 15, 2015, Defendants filed their reply.

E.      Following a hearing on the motions, in August 2015, the Court granted Defendants' motions to dismiss with leave for Lead Plaintiffs to amend the complaint.

---

[2] *Brown* was originally filed in the United States District Court for the Southern District of New York on November 12, 2014, and was later transferred to the Middle District of Florida on December 10, 2014.

F.      On September 25, 2015, Lead Plaintiffs filed their Amended Consolidated Class Action Complaint For Violations Of The Federal Securities Laws.  The Complaint alleged claims on behalf of purchasers of Rayonier common stock from October 26, 2010, through November 7, 2014, against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.

G.      On October 26, 2015, Defendants filed motions to dismiss the Complaint.  On December 4, 2015, Lead Plaintiffs filed an opposition and motion to strike.  On December 18, 2015, Defendants filed their reply brief in support of dismissal and their opposition to Lead Plaintiffs' motion to strike.  On January 11, 2016, Lead Plaintiffs filed their reply in support of their motion to strike.

H.      On April 7, 2016, Lead Plaintiffs and Rayonier participated in a mediation session with an experienced mediator. Lead Plaintiffs and Rayonier reached an impasse, and litigation continued.

I.      Following a hearing, on May 20, 2016, the Court entered an Order denying Defendants' motions to dismiss the Complaint, and denying as moot Lead Plaintiffs' motion to strike.  Defendants filed their answers to the Complaint on June 23, 2016.

J.      Following the Court's Order denying the motions to dismiss the Complaint, the Parties commenced discovery.  They subsequently propounded discovery, including document requests and deposition notices.  Discovery was conducted during a period of approximately ten months.  Once discovery requests were propounded, the Parties reviewed the requests and met-

- 3 -

and-conferred on the scope of the response and production.  In addition, in order to facilitate the production of documents and information, the Parties negotiated and entered into a Confidentiality Agreement.  Defendants began their rolling production of documents beginning on July 23, 2016.  In total, Defendants produced over 1.56 million pages.  Lead Plaintiffs began their production on September 6, 2016.  In total, Lead Plaintiffs produced over 70,000 pages.  The Parties also obtained over 21,000 pages of documents from 18 third parties.

K.     The Court held a discovery and case management conference on September 1, 2016, and entered a Case Management And Scheduling Order on September 15, 2016, that included deadlines for resolution of Lead Plaintiffs' motion for class certification, completion of discovery – fact and expert – and submission of summary judgment motions.

L.     On December 15, 2016, Lead Plaintiffs filed their motion for class certification seeking certification for litigation purposes of a class consisting of purchasers of Rayonier common stock from October 26, 2010, through November 7, 2014.   Defendants filed their opposition on February 13, 2017.

M.     On March 6, 2017, the Parties and certain of Defendants' directors' and officers' liability insurance carriers (the "D&O Insurers") participated in a second full-day mediation session with the Honorable Layn R. Phillips (Fmr.).  The mediation session ended without any agreement being reached.

N.     Over the course of the next week, the Parties and the mediator participated in further discussions, ultimately resulting in an agreement in principle to settle the Action that was memorialized in a confidential term sheet (the "Term Sheet") executed on March 13, 2017.  The Term Sheet sets forth, among other things, the Parties' binding agreement to settle the Action for

a cash payment of $73,000,000.00 (that Defendants shall cause the D&O Insurers to fund) for the benefit of the Settlement Class, subject to the execution of a customary stipulation and Court approval.

O.      This Stipulation (together with the exhibits hereto and the Supplemental Agreement) reflects the final and binding agreement among the Parties.

P.      Based upon their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of this Stipulation.

Q.      This Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to (i) any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever; or (ii) any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly

- 5 -

deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith in compliance with Rule 11 of the Federal Rules of Civil Procedure; that the Action is being voluntarily settled with the advice of counsel; and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, without any admission or concession of any liability, wrongdoing, or lack of merit, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through each of their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that (in consideration of the benefits flowing to the Parties from the Settlement) all Released Plaintiffs' Claims as against the Defendant Releasees and all Released Defendants' Claims as against the Plaintiff Releasees shall be settled, released, and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings[3]:

---

[3] For ease of reference, certain capitalized terms are defined elsewhere in this Stipulation, but shall nonetheless be treated as having been defined in this ¶ 1.

(a)    "Action" means the consolidated securities class action in the matter styled *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-1395 (M.D. Fla.), and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court in the Action, but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator that satisfies all the requirements set forth on the Proof of Claim Form in accordance with the requirements established by the Court, or whose Proof of Claim Form is otherwise approved by the Court, and who, subject to Court approval, will receive a payment from the Net Settlement Fund.

(d)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund, subject to entry of a plan of allocation and a Class Distribution Order that have both become Final.

(f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Complaint" means the Amended Consolidated Class Action Complaint For Violations Of The Federal Securities Laws, filed by Lead Plaintiffs on September 25, 2015.

(j)     "Court" means the United States District Court for the Middle District of Florida.

(k)     "Defendants" means Rayonier and the Individual Defendants.

(l)     "Defendants' Counsel" means Jones Day; Moseley, Prichard, Parrish, Knight & Jones; Burr & Forman, LP; Buckley Sandler LLP; Friedman Kaplan Seiler & Adelman LLP; Foley & Lardner LLP; and Bedell, Dittmar, DeVault, Pillans & Coxe.

(m)     "Defendant Releasees" means Defendants, the Prior Defendants, Defendants' Counsel, and the D&O Insurers, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(n)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 35 of this Stipulation have been met and have occurred, or have been waived.

(o)     "Escrow Account" means an account maintained at Valley National Bank, wherein the Settlement Amount shall be deposited and shall be maintained and held in escrow under the control of Lead Counsel, acting as agent for Lead Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction

of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation or further order of the Court.

(p)     "Escrow Agent" means Valley National Bank, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Stipulation and any orders entered by the Court, and acting as agent for Lead Plaintiffs and the Settlement Class, and subject to the jurisdiction of the Court.

(q)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account, consistent with the provisions of this Stipulation.

(r)     "Excluded Claims" means (i) any claims asserted in a derivative action or ERISA action based on similar allegations as those set forth in the Complaint; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal; or (ii) if there is an appeal from the judgment or order, (aa) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (bb) the later of (i) the date the judgment or order is finally affirmed on an appeal; (ii) the expiration of the time to file a petition for a writ of certiorari or other form of review; (iii) the denial of a writ of certiorari or other form of review; or (iv) if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of

Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)    "Individual Defendants" means Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson.

(v)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court upon approval of the Settlement.

(w)    "Lead Counsel" or "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A.

(x)    "Lead Plaintiffs" means the Pension Trust Fund For Operating Engineers ("Operating Engineers") and the Lake Worth Firefighters' Pension Trust Fund ("Lake Worth").

(y)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting and settling the Action, and which may also include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class, for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(aa)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(bb)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(cc)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(dd)   "Opt-out Deadline" means the last date by which the Claims Administrator must receive a request for exclusion to be considered timely as set forth in the Notice, unless otherwise ordered by the Court.

(ee)   "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ff)   "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(gg)   "Plaintiff Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(hh)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)   "Prior Defendants" means David L. Nunes and H. Edwin Kiker.

(kk)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll)   "Rayonier" means Rayonier Inc.

(mm)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)   "Released Defendants' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.   Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo)   "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the various complaints filed in the Action; or (ii) could have asserted in any forum against any of the Defendant Releasees, which in any way

arise out of, relate to, or are based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the various complaints filed in the Action, and that relate to the purchase of Rayonier common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement, and (ii) any Excluded Claims.

(pp)   "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(qq)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(rr)   "Settlement" means the settlement among Lead Plaintiffs, on behalf of themselves and the Settlement Class, and each of the Defendants on the terms and conditions set forth in this Stipulation.

(ss)   "Settlement Amount" means seventy-three million dollars ($73,000,000.00) in cash, that Defendants shall cause the D&O Insurers to fund.

(tt)   "Settlement Class" means all persons and entities who purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as

such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(uu)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(vv)   "Settlement Class Period" means the period between October 26, 2010, and November 7, 2014, inclusive.

(ww)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(zz)   "Taxes" means: (i) all federal, state, or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(aaa) "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its

favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## **CLASS CERTIFICATION**

2.      Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as class representatives for the Settlement Class; and (c) appointment of Lead Counsel

as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment (or the Alternate Judgment, if applicable) shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees. This release shall not apply to any Excluded Claim.

6.       Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment (or the Alternate Judgment, if applicable) shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Lead Plaintiffs and the other Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.       Upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members are forever barred and enjoined from prosecuting any Released Plaintiffs' Claims against any of the Defendant Releasees.

8.       Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

9.       Notwithstanding ¶¶ 5-8 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

10.     The Judgment or Alternate Judgment, if applicable, shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party or the D&O Insurers, except for the payments expressly provided for herein.

## THE SETTLEMENT CONSIDERATION

11.     In consideration of the Settlement and the release of the Released Plaintiffs' Claims against Defendants and the other Defendant Releasees, Defendants shall cause the D&O Insurers to deposit the Settlement Amount into the Escrow Account no later than thirty (30) business days following the later of (i) the entry of the Preliminary Approval Order by the Court, or (ii) Lead Counsel's delivery by electronic mail to Defendants (with a simultaneous copy to the D&O Insurers at the electronic mail addresses if previously provided to Lead Counsel by Rayonier's counsel) of a W-9 for the Escrow Account and wire or check mailing instructions for payment to the Escrow Account.    If the Settlement Amount, or any portion thereof, is not deposited into the Escrow Account by the time specified in this paragraph, the Defendants will not be obligated to pay the Settlement Amount or any portion thereof, and the sole remedy of Lead Plaintiff, Lead Counsel, and any other Settlement Class Member against Defendants shall be to terminate the Settlement.

## USE OF SETTLEMENT FUND

12.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶21-33 below, or as otherwise ordered by the Court.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Lead Counsel shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Internal Revenue Code of 1986, as

amended (the "Code") and treasury regulations in order to maintain its treatment as a Qualified Settlement Fund.  The Defendants and the other Defendant Releasees shall have no liability or responsibility for any such Taxes.  Upon written request, the D&O Insurers will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants and the other Defendant Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of

recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $250,000 without further approval of the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendant Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation Expenses is reduced or reversed, and such order reducing or reversing the award has become Final.   Lead Counsel shall make the appropriate refund or repayment in full (including interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account) no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final.   An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.   Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.   Defendant Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses.   The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Rayonier's obligation to provide shareholder information as provided in ¶ 22 below, none of the Defendants nor any other Defendant Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Rayonier shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) records reasonably available to Rayonier or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic

form or other form as is reasonably available to Rayonier or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential.

23.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

24.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendant Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendant Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

25.     Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment, or the Alternate Judgment, if applicable) and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any

action, claim, or other proceeding of any kind against the Defendants or any other Defendant Releasees with respect to the Released Plaintiffs' Claims.

26.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendant Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

27.     The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

28.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is

- 25 -

accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable) and by the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendant Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the

notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

30.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable) to be entered in this Action, and by the releases provided for herein and therein, and

will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiffs' Claims.

32.     No Claimant or Settlement Class Member shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendant Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

33.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

34.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

35.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

(c)     the time for Defendants to exercise his, her, or its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 39 below) has expired or otherwise been waived;

(d)     the time for Lead Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

36.     Upon the occurrence of all of the events referenced in ¶ 35 above, any and all remaining interest or right of Defendants or the D&O Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.

37.     If (i) any Defendant exercises his, her, or its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 13, 2017.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 37 and ¶¶ 17, 19, 43, and 64, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to the D&O Insurers (or such other persons or entities as the D&O Insurers may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers (or such other persons or entities as the D&O Insurers may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.

38.     It is further stipulated and agreed that Lead Plaintiffs, provided they each agree, and Defendants, provided they each agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to

enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court.  In the event of such termination of the Settlement, the provisions of ¶ 37 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses, or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

39.     In addition to the grounds set forth in ¶ 38 above, Rayonier shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that Agreement as set forth in ¶¶ 40-42 below.

### OPT-OUTS & OPT-OUT THRESHOLD

40.     All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") shall have the right to exclude themselves, or opt out, from the Settlement Class.  Such Potential Settlement Class Members who wish to elect to opt out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by the Opt-out Deadline.  All Potential Settlement Class Members who validly opt-out shall be excluded from any and all rights and obligations under the Settlement, but

those who do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Proof of Claim, unless otherwise ordered by the Court.

41.     No later than five (5) calendar days following the Opt-out Deadline, the Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests.

42.     Simultaneously herewith, Lead Counsel and Rayonier's Counsel are executing a Supplemental Agreement setting forth certain conditions under which this Settlement may be terminated by Rayonier if the number of shares by Potential Settlement Class Members who exclude themselves from the Settlement Class by timely submitting valid exclusion requests exceeds the Opt-out Threshold (as defined in the Supplemental Agreement).  The Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application.  In such event, the Parties shall request that the Supplemental Agreement be filed under seal.  The Opt-out Threshold may be disclosed to the Court for purposes of the approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, the provisions of ¶ 37 above shall apply.

## NO ADMISSION OF WRONGDOING

43.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment (or any Alternate Judgment), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and this Stipulation, nor

any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

       (a)      shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

       (b)      shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

       (c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be

or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

44.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

45.     As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Rayonier shall timely serve a CAFA notice within ten (10) calendar days of the filing of this Stipulation with the Court.  Rayonier shall be responsible for all costs and expenses related thereto.

46.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned (but not promptly deposited into the Settlement Fund by others), then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternate Judgment, if applicable, in which event the releases and Judgment (or Alternate Judgment) if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 37 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 37.

47.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other

Settlement Class Members against the Defendant Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, except in the event of the termination of this Settlement, Lead Plaintiffs, and their counsel, and Defendants, and their counsel, agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith and without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

48.  While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Likewise, while retaining their right to assert their claims in the action were meritorious, Lead Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs, and their counsel, and Defendants, and their counsel, shall not make any accusations of wrongful or actionable conduct by either Party

concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

49.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

50.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal holiday.

51.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

55.     This Stipulation may be executed in one or more counterparts, and exchanged among the Parties by facsimile or email  of the .pdf or .tif image of the signature.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

57.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:     Bernstein Litowitz Berger & Grossmann LLP
Attn:  David R. Stickney, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone:  (858) 793-0070
Email: davids@blbglaw.com

-and-

Saxena White P.A.
Attn:  Lester R. Hooker, Esq.
Boca Center
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone:  (561) 206-6708
Email:  lhooker@saxenawhite.com

If to Defendants:                    Jones Day
                                     Attn:  Janine Cone Metcalf, Esq.
                                     1420 Peachtree Street, N.E., Suite 800
                                     Atlanta, GA 30309
                                     Telephone:  (404) 581-8656
                                     Email:  jmetcalf@jonesday.com

                                     -and-

                                     Buckley Sandler LLP
                                     Attn:  John M. Hendele IV, Esq.
                                     1133 Avenue of the Americas, Suite 3100
                                     New York, NY 10036
                                     Telephone:  (212) 600-2400
                                     Email:  JHendele@BuckleySandler.com

                                     -and-

                                     Friedman Kaplan Seiler & Adelman LLP
                                     Attn:  Jeffrey R. Wang, Esq.
                                     7 Times Square
                                     New York, NY 10036
                                     Telephone:  (212) 833-1175
                                     Email:  jwang@fklaw.com

                                     -and-

                                     Bedell, Dittmar, DeVault, Pillans & Coxe
                                     Attn:  Michael E. Lockamy, Esq.
                                     101 E. Adams Street
                                     Jacksonville, FL 32202
                                     Telephone:  (904) 353-0211
                                     Email:  MEL@bedellfirm.com

63.     Except as otherwise provided herein, each Party shall bear its own costs.

64.     Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

65.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

66.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 12, 2017.

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

By: _____
David R. Stickney (pro hac vice)
Jonathan D. Uslaner (pro hac vice)
Niki L. Mendoza
Brandon Marsh (pro hac vice)
Jenny Barbosa
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone:  (858) 793-0070
davids@blbglaw.com
jonathanu@blbglaw.com
nikim@blbglaw.com
brandon.marsh@blbglaw.com
jenny.barbosa@blbglaw.com

*Co-Lead Counsel for Lead Plaintiffs and the*
*Settlement Class*

**SAXENA WHITE P.A.**

By: _____
    Maya Saxena (FL Bar No. 95494)
    Joseph E. White, III (FL Bar No. 621064)
    Lester R. Hooker (FL Bar No. 32242)
    Brandon T. Grzandziel (FL Bar No. 58732)
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399

*Co-Lead Counsel for Lead Plaintiffs and the*
*Settlement Class*

**JONES DAY**

By /s/ Janine Cone Metcalf

Janine Cone Metcalf
Michael J. McConnell
A. James Spung
Ashley F. Heintz
Mareasa Fortunato Rooks
1420 Peachtree St NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 581-8646

*Counsel for Defendant Rayonier Inc.*

BUCKLEY SANDLER LLP

By: _____
    Christopher F. Regan
1250 24th Street NW, Suite 700
Washington, D.C. 20037
Telephone (202) 349-8000

    Andrew W. Schilling
    John M. Hendele IV
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Telephone: (212) 600-2400

***Counsel for Defendant Hans E. Vanden Noort***

**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**

By: _____
    Jeffrey R. Wang
7 Times Square
New York, NY 10036
Telephone: (212) 833-1175

***Counsel for Defendant Paul G. Boynton***

**BEDELL, DITTMAN, DEVAULT,
PILLANS & COXE**

By: _____
    John A. DeVault, III
    Michael E. Lockamy
101 E. Adams Street
Jacksonville, FL 32202
Telephone: (904) 353-0211

***Counsel for Defendant Nancy Lynn Wilson***

- 43 -

**BUCKLEY SANDLER LLP**


By: _____
     Christopher F. Regan
1250 24th Street NW, Suite 700
Washington, D.C. 20037
Telephone (202) 349-8000


     Andrew W. Schilling
     John M. Hendele IV
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Telephone: (212) 600-2400

*Counsel for Defendant Hans E. Vanden Noort*


**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**

By: _____*Jeffrey R. Wang* /MSP___
     Jeffrey R. Wang
7 Times Square
New York, NY 10036
Telephone: (212) 833-1175

*Counsel for Defendant Paul G. Boynton*


**BEDELL, DITTMAN, DEVAULT,
PILLANS & COXE**


By: _____
     John A. DeVault, III
     Michael E. Lockamy
101 E. Adams Street
Jacksonville, FL 32202
Telephone: (904) 353-0211

*Counsel for Defendant Nancy Lynn Wilson*

BUCKLEY SANDLER LLP

By: _____
    Christopher F. Regan
1250 24th Street NW, Suite 700
Washington, D.C. 20037
Telephone (202) 349-8000

    Andrew W. Schilling
    John M. Hendele IV
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Telephone: (212) 600-2400

*Counsel for Defendant Hans E. Vanden Noort*

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

By: _____
    Jeffrey R. Wang
7 Times Square
New York, NY 10036
Telephone: (212) 833-1175

*Counsel for Defendant Paul G. Boynton*

BEDELL, DITTMAN, DEVAULT,
PILLANS & COXE

By: _____
    John A. DeVault, III
    Michael E. Lockamy
101 E. Adams Street
Jacksonville, FL 32202
Telephone: (904) 353-0211

*Counsel for Defendant Nancy Lynn Wilson*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT<br><br>Honorable Timothy J. Corrigan<br><br>**EXHIBIT A** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395 (the "Action");

WHEREAS, (a) Lead Plaintiffs Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund, on behalf of themselves and the Settlement Class (defined below), and (b) defendants Rayonier Inc., Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson, have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation And Agreement Of Settlement dated April 12, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the

interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2017 at __:__ _.m. in Courtroom 10D, of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the

3

Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain Epiq Class Action & Mass Tort Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within five (5) business days of the date of entry of this Order, Rayonier shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) records reasonably available to Rayonier or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic form or other form as is reasonably available to Rayonier or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

(b)      not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which Rayonier caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements

of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Rayonier common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the

foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d)

will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs'

Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation

and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as

set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who

wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in

writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any

such request for exclusion from the Settlement Class must be mailed or delivered such that it is

received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *In re*

*Rayonier Inc. Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270,

and (b) each request for exclusion must (i) state the name, address, and telephone number of the

person or entity requesting exclusion, and in the case of entities, the name and telephone number

of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the

Settlement Class in *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395"; (iii) state

the number of Rayonier common stock shares that the person or entity requesting exclusion

purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of

each such purchase/acquisition and sale, and the number of shares held at the beginning of the

Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an

authorized representative.  A request for exclusion shall not be effective unless it provides all the

required information and is received within the time stated above, or is otherwise accepted by the

Court.

14.     Any person or entity who or which timely and validly requests exclusion in

compliance with the terms stated in this Order and is excluded from the Settlement Class shall not

be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses

and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger | Jones Day |
| & Grossmann LLP | Janine Cone Metcalf, Esq. |
| David R. Stickney, Esq. | 1420 Peachtree Street, N.E. Suite 800 |
| 12481 High Bluff Drive, Suite 300 | Atlanta, GA 30309 |
| San Diego, CA  92130 | -and- |
| -and- | Buckley Sandler LLP |
| Saxena White P.A. | John M. Hendele IV, Esq. |
| Lester R. Hooker, Esq. | 1133 Avenue of the Americas, Suite 3100 |
| 5200 Town Center Circle, Suite 601 | New York, NY 10036 |
| Boca Raton, FL 33486 | -and- |
|  | Friedman Kaplan Seiler & Adelman LLP |
|  | Jeffrey R. Wang, Esq. |
|  | 7 Times Square |
|  | New York, NY 10036 |
|  | -and- |
|  | Bedell, Dittmar, DeVault, Pillans & Coxe |
|  | Michael E. Lockamy, Esq. |
|  | 101 E. Adams Street |
|  | Jacksonville, FL 32202 |

18.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's

objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Rayonier common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.   Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $250,000 without further approval of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23.   **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 13, 2017, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution

of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall (i) be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.   **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Rayonier shall timely serve the CAFA notice.

28.   The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2017.


_____
The Honorable Timothy J. Corrigan
United States District Judge


Copies:

Counsel of Record

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC<br><br>**CLASS ACTION**<br><br>**EXHIBIT A-1** |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Middle District of Florida (the "Court"), if, during the period from October 26, 2010, through November 7, 2014, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Rayonier common stock, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 26 below), have reached a proposed settlement of the Action for $73,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Rayonier, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 87 below).**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation And Agreement Of Settlement (the "Stipulation"), which is available at www.RayonierSecuritiesSettlement.com.

1.     **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Rayonier Inc. ("Rayonier"), Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements about Rayonier's timber harvesting practices, its reported merchantable timber inventory, and certain financial results. A more detailed description of the Action is set forth in paragraphs 11-25 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 26 below.

2.     **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $73,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.   The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 54-71 below.

3.     **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Rayonier common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per alleged damaged share (hereinafter the "damaged shares") is $1.11.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired and sold their Rayonier common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 54-71 below) or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2014, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Co-Lead Counsel,

---

[2]  Defendants Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson are collectively referred to herein as the "Individual Defendants."  "Prior Defendants" include David L. Nunes and H. Edwin Kiker.

Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. ("Co-Lead Counsel" or "Lead Counsel"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (1/3) of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $1.1 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per damaged share of Rayonier common stock, if the Court approves Lead Counsel's fee and expense application, is $0.39 per damaged share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by David R. Stickney, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com, and by Lester R. Hooker, Esq. of Saxena White P.A., 5200 Town Center Circle, Suite 601, Boca Raton, FL 33486, (561) 206-6708, lhooker@saxenawhite.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 35 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |

| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
|---|---|
| GO TO A HEARING ON _____, 2017, AT ____:____ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017. | Filing a written objection and notice of intention to appear by _____, 2017, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                           Page __
What Is This Case About?                                                            Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                         Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                              Page __
What Might Happen If There Were No Settlement?                                     Page __
How Are Settlement Class Members Affected By The Action
  And The Settlement?                                                    Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                      Page __
How Much Will My Payment Be?                                                       Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
 How Will The Lawyers Be Paid?                                                Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?                                               Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?                                             Page __
What If I Bought Shares On Someone Else's Behalf?                                  Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?              Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired Rayonier common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 78 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Beginning on November 12, 2014, class action complaints were filed in the United States District Court for the Middle District of Florida, alleging that Rayonier and other defendants made certain false and misleading statements relating to Rayonier's forest harvesting practices.

12.    The cases were consolidated by Order dated January 9, 2015, and recaptioned as *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395 (M.D. Fla.).  Lead Plaintiffs and Lead Counsel were appointed by the Court by Order dated February 25, 2015.

13.    On April 7, 2015, Lead Plaintiffs filed their Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "First Consolidated Complaint"), asserting claims on behalf of purchasers of Rayonier common stock between September 22, 2011, and November 7, 2014, against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the First Consolidated Complaint alleged that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.  The First Consolidated Complaint further alleged that the price of Rayonier common stock was

artificially inflated as a result of the allegedly false and misleading statements, and declined when, according to the First Consolidated Complaint, the truth was revealed.

14.    On May 15, 2015, Defendants filed motions to dismiss the First Consolidated Complaint. On June 15, 2015, Lead Plaintiffs filed their opposition and, on July 15, 2015, Defendants filed their reply.  Following a hearing, in August 2015, the Court granted Defendants' motions to dismiss with leave for Lead Plaintiffs to amend the complaint.

15.    On September 25, 2015, Lead Plaintiffs filed their Amended Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "Complaint").  The Complaint alleges claims on behalf of purchasers of Rayonier common stock from October 26, 2010, through November 7, 2014, against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.

16.    On October 26, 2015, Defendants filed motions to dismiss the Complaint.  On December 4, 2015, Lead Plaintiffs filed an opposition and motion to strike.  On December 18, 2015, Defendants filed their reply brief in support of dismissal and their opposition to Lead Plaintiffs' motion to strike.  On January 11, 2016, Lead Plaintiffs filed their reply in support of their motion to strike.

17.    On April 7, 2016, Lead Plaintiffs and Rayonier participated in a mediation session with an experienced mediator.  Lead Plaintiffs and Rayonier reached an impasse, and litigation continued.

18.    Following a hearing, on May 20, 2016, the Court entered an Order denying Defendants' motions to dismiss the Complaint, and denying as moot Lead Plaintiffs' motions to strike. Defendants filed their answers to the Complaint on June 23, 2016.

19.    Following the Court's Order denying Defendants' motions to dismiss the Complaint, the Parties commenced discovery.  They subsequently propounded discovery, including document requests and deposition notices.  Discovery was conducted during a period of approximately ten months.  Once discovery requests were propounded, the Parties reviewed the requests and met-and-conferred on the scope of the response and production.  In addition, in order to facilitate the production of documents and information, the Parties negotiated and entered into a Confidentiality Agreement.  Defendants began their rolling production of documents beginning on July 23, 2016. In total, Defendants produced over 1.56 million pages.  Lead Plaintiffs began their production on September 6, 2016.  In total, Lead Plaintiffs produced over 70,000 pages.  The Parties also obtained approximately 21,000 pages of documents from 18 third parties.

20.    The Court held a discovery and case management conference on September 1, 2016, and entered a Case Management And Scheduling Order ("Scheduling Order") on September 15, 2016, that included deadlines for resolution of Lead Plaintiffs' motion for class certification, completion of discovery – fact and expert – and submission of summary judgment motions.  Pursuant to the Scheduling Order, on December 15, 2016, Lead Plaintiffs filed their motion for class certification seeking certification for litigation purposes of a class consisting of purchasers of Rayonier common stock from October 26, 2010, through November 7, 2014.  Defendants filed their opposition on February 13, 2017.  The motion was pending when the Settlement was reached.

21.    On March 6, 2017, the Parties and certain of Defendants' directors' and officers' liability insurance carriers (the "D&O Insurers") participated in a second full-day mediation session with the Honorable Layn R. Phillips (Fmr.).  The mediation session ended without any agreement being reached.

22.    Over the course of the next week, the Parties and the mediator participated in further discussions, ultimately resulting in an agreement in principle to settle the Action that was memorialized in a confidential term sheet (the "Term Sheet") executed on March 13, 2017.  The Term Sheet sets forth, among other things, the Parties' binding agreement to settle the Action for a cash payment of $73,000,000.00 (that Defendants shall cause the D&O Insurers to fund) for the benefit of the Settlement Class, subject to the execution of a customary stipulation and Court approval.

23.    Based on their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

24.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to (i) any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever; or (ii) any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.   The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

25.    On _____, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

26.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

All persons and entities who purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. See "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2017.**

| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
|---|

27. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, among other things, Defendants would assert that the statements were not materially false and misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claim alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiffs would have to prevail at several stages – including, without limitation, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

28. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $73,000,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

29.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification, at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

32.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

33.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

34.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 35 below) against the Defendants and the other Defendant Releasees (as defined in paragraph 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

35.   "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the various complaints filed in the Action; or (ii) could have asserted in any forum against any of the Defendant Releasees, which in any way arise out of, relate to, or are based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the various complaints filed in the Action, and that relate to the purchase of Rayonier common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any Excluded Claims.  "Excluded Claims" means (i) any claims asserted in a derivative action or ERISA action based on similar allegations as those set forth in the Complaint, and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

36.   "Defendant Releasees" means Defendants, the Prior Defendants, Defendants' Counsel, and the D&O Insurers, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

37.   "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 39 below) against any of the Plaintiff Releasees (as defined in paragraph 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

39.  "Released Defendants' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40.  "Plaintiff Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

41.  The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

42.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

43.  To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 2017.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.RayonierSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-308-9228.  Please retain all records of your ownership of and transactions in Rayonier common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

44.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45.  Pursuant to the Settlement, Defendants have agreed to cause the D&O Insurers to pay seventy-three million dollars ($73,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including

reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

48.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2017, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 35 above) against the Defendant Releasees (as defined in paragraph 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

50.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Rayonier common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.

51.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

52.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

53.   Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired Rayonier common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Rayonier common stock.

## PROPOSED PLAN OF ALLOCATION

54.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

55.    The Plan of Allocation generally measures the amount of alleged loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. "Recognized Loss" amounts are based primarily on the price declines observed over the period during which Lead Plaintiffs allege corrective information was entering the market place.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period of October 26, 2010, through November 7, 2014, inclusive, which had the effect of artificially inflating the price of Rayonier common stock.

56.    In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Rayonier common stock.  Alleged corrective disclosures allegedly removed the artificial inflation from the price of Rayonier common stock on November 10, 2014, and November 11, 2014.  Accordingly, if Rayonier common stock was sold before November 10, 2014 (the earliest date the alleged artificial inflation was allegedly removed), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws.

### CALCULATION OF RECOGNIZED LOSS PER SHARE

57.    The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Rayonier common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Rayonier common stock is reflected in Table 1 below.  The estimated alleged artificial inflation in the price of Rayonier common stock during the Settlement Class Period is based on certain purported misrepresentations alleged by Lead Plaintiffs and the stock price reaction (net of market and industry effects) to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

| Table 1<br>Artificial Inflation in Rayonier Common Stock[3] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| October 26, 2010 | December 30, 2010 | $5.92 |

---

[3] Any transactions in Rayonier common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

| December 31, 2010 | January 2, 2012 | $5.95 |
| January 3, 2012 | December 30, 2012 | $6.17 |
| December 31, 2012 | December 30, 2013 | $6.67 |
| December 31, 2013 | November 9, 2014 | $7.21 |
| November 10, 2014 | November 10, 2014 | $1.97 |
| November 11, 2014 | Thereafter | $0.00 |

58.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Rayonier common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Rayonier common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Rayonier common stock during the 90-Day Lookback Period.  The Recognized Loss on Rayonier common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Rayonier common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

59.    For each share of Rayonier common stock purchased or otherwise acquired during the Settlement Class Period (i.e., October 26, 2010 through November 7, 2014, inclusive), the Recognized Loss per share shall be calculated as described in what follows.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to $0.00.

(a)    For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold prior to November 10, 2014, the Recognized Loss per share is $0.00.

(b)    For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold on November 10, 2014, the Recognized Loss per share is *the lesser of:*

(1)    The amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on November 10, 2014, as provided in Table 1 above; or

(2)    The per-share purchase price *minus* the "90-Day Lookback Value" on November 10, 2014, as provided in Table 2 below.

(c)    For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold during the period November 11, 2014, through February 5, 2015, inclusive, the Recognized Loss per share is *the lesser of:*

(1)    The amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

14

(2) The per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

(d) For each share of Rayonier common stock that was purchased during the Settlement Class Period and still held as of the close of trading on February 5, 2015, the Recognized Loss per share is *the lesser of*:

(1) The amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

(2) The per-share purchase price *minus* the average closing price for Rayonier common stock during the 90-Day Lookback Period, which is $27.89.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 11/10/2014 | $28.82 | 12/9/2014 | $26.97 | 1/8/2015 | $27.33 |
| 11/11/2014 | $27.78 | 12/10/2014 | $26.96 | 1/9/2015 | $27.36 |
| 11/12/2014 | $27.22 | 12/11/2014 | $26.97 | 1/12/2015 | $27.40 |
| 11/13/2014 | $26.95 | 12/12/2014 | $26.97 | 1/13/2015 | $27.43 |
| 11/14/2014 | $26.77 | 12/15/2014 | $26.93 | 1/14/2015 | $27.46 |
| 11/17/2014 | $26.73 | 12/16/2014 | $26.89 | 1/15/2015 | $27.48 |
| 11/18/2014 | $26.68 | 12/17/2014 | $26.89 | 1/16/2015 | $27.51 |
| 11/19/2014 | $26.65 | 12/18/2014 | $26.91 | 1/20/2015 | $27.52 |
| 11/20/2014 | $26.67 | 12/19/2014 | $26.94 | 1/21/2015 | $27.54 |
| 11/21/2014 | $26.70 | 12/22/2014 | $26.98 | 1/22/2015 | $27.58 |
| 11/24/2014 | $26.73 | 12/23/2014 | $27.02 | 1/23/2015 | $27.61 |
| 11/25/2014 | $26.80 | 12/24/2014 | $27.06 | 1/26/2015 | $27.65 |
| 11/26/2014 | $26.84 | 12/26/2014 | $27.10 | 1/27/2015 | $27.68 |
| 11/28/2014 | $26.87 | 12/29/2014 | $27.14 | 1/28/2015 | $27.71 |
| 12/1/2014 | $26.89 | 12/30/2014 | $27.18 | 1/29/2015 | $27.74 |
| 12/2/2014 | $26.91 | 12/31/2014 | $27.20 | 1/30/2015 | $27.77 |
| 12/3/2014 | $26.93 | 1/2/2015 | $27.23 | 2/2/2015 | $27.80 |
| 12/4/2014 | $26.95 | 1/5/2015 | $27.25 | 2/3/2015 | $27.83 |
| 12/5/2014 | $26.95 | 1/6/2015 | $27.28 | 2/4/2015 | $27.86 |
| 12/8/2014 | $26.95 | 1/7/2015 | $27.31 | 2/5/2015 | $27.89 |

## ADDITIONAL PROVISIONS

60. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 63 below) is $10.00 or greater.

61. If a Settlement Class Member has more than one purchase/acquisition or sale of Rayonier common stock, the last-in-first-out ("LIFO") method will be applied for matching sales to prior purchases. Under the LIFO methodology, starting with the earliest sale, sales of Rayonier common

stock are matched first against the most recent purchase of Rayonier common stock that has not already been matched to other sales under LIFO, and then against prior purchases in backward chronological order, until the beginning of the Settlement Class Period.  Any remaining purchases or beginning holdings not matched to sales are then matched against unsold shares.

62.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for all of the Rayonier common stock.

63.     The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

64.     Purchases or acquisitions and sales of Rayonier common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Rayonier common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Rayonier common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Rayonier common stock unless (i) the donor or decedent purchased or otherwise acquired such Rayonier common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Rayonier common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

65.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Rayonier common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Rayonier common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Rayonier common stock on the date of exercise of the option.  Any Recognized Loss arising from purchases of Rayonier common stock acquired during the Settlement Class Period through the exercise of an option on Rayonier common stock[4] shall be computed as provided for other purchases of Rayonier common stock in the Plan of Allocation.

67.     A Recognized Loss will be calculated as defined herein and cannot be less than zero.  To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in

---

[4] Including (1) purchases of Rayonier common stock as the result of the exercise of a call option, and (2) purchases of Rayonier common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Rayonier common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Rayonier Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

68.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Rayonier common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Rayonier common stock during the Settlement Class Period.

69.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

70.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No Claimant or Settlement Class Member shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel,

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Rayonier common stock purchased or acquired during the Settlement Class Period.

[6] The "Total Sales Proceeds" shall be the total amount received (excluding commissions and other charges) for sales of Rayonier common stock that was both purchased/acquired and sold during the Settlement Class Period. The last-in-first-out ("LIFO") method will be applied for matching sales to prior purchases as described in paragraph 61.

[7] The Claims Administrator shall ascribe a holding value of $27.89 per-share to Rayonier common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 7, 2014, which is the average closing price of Rayonier common stock during the 90-Day Lookback Period. The LIFO method will be applied for determining held shares as described in paragraph 61. The total calculated holding values for all Rayonier common stock shall be the Claimant's "Total Holding Value."

Defendants' Counsel, any Party's damages expert, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendant Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes owed by the Settlement Fund, or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

71.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.RayonierSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

72.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (1/3) of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1.1 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

73.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *In re Rayonier Inc. Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270.  The exclusion request must be received no later than _____, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395"; (c) state the number of Rayonier common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

74.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

75.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76.    Rayonier has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Rayonier, as set forth in a confidential Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

77.    Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

78.    The Settlement Hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL  32202.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

79.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Florida at the address set forth below on or before _____, 2017.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 2017.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| U.S. District Court, Middle District Florida Bryan Simpson U.S. Courthouse 300 North Hogan Street Jacksonville, FL 32202 | Bernstein Litowitz Berger & Grossmann LLP David R. Stickney, Esq. 12481 High Bluff Drive Suite 300 San Diego, CA 92130 -and- Saxena White P.A. Lester R. Hooker, Esq. 5200 Town Center Circle Suite 601 Boca Raton, FL 33486 | Jones Day Janine Cone Metcalf, Esq. 1420 Peachtree St., N.E. Suite 800 Atlanta, GA 30309 -and- Buckley Sandler LLP John M. Hendele IV, Esq. 1133 Avenue of the Americas, Suite 3100 New York, NY 10036 -and- Friedman Kaplan Seiler & Adelman LLP Jeffrey R. Wang, Esq. 7 Times Square New York, NY 10036 -and- Bedell, Dittmar, DeVault, Pillans & Coxe Michael E. Lockamy, Esq. 101 E. Adams Street Jacksonville, FL 32202 |

80.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Rayonier common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

81.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as

described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2017.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is received on or before _____, 2017.

84.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

85.   Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

86.   If you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Rayonier Inc. Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.RayonierSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-844-308-9228.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

87.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at

the Office of the Clerk, United States District Court for the Middle District of Florida, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.RayonierSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re Rayonier Inc. Securities Litigation* | or | David R. Stickney, Esq. |
| P.O. Box 5270 | | BERNSTEIN LITOWITZ BERGER |
| Portland, OR 97208-5270 | | & GROSSMANN LLP |
| (844) 308-9228 | | 12481 High Bluff Drive, Suite 300 |
| info@RayonierSecuritiesSettlement.com | | San Diego, CA 92123 |
| | | (866) 648-2524 |
| | | blbg@blbglaw.com |
| | | -or- |
| | | Lester R. Hooker, Esq. |
| | | SAXENA WHITE P.A. |
| | | Boca Center |
| | | 5200 Town Center Circle, Suite 601 |
| | | Boca Raton, FL 33486 |
| | | (561) 206-6708 |
| | | lhooker@saxenawhite.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017

By Order of the Court
United States District Court
Middle District of Florida

EXHIBIT A-2

*In re Rayonier Inc. Securities Litigation*
**P.O. Box 5270**
**Portland, OR 97208-5270**
**Toll-Free Number: 1-844-308-9228**
**Settlement Website: www.RayonierSecuritiesSettlement.com**
**Email: info@RayonierSecuritiesSettlement.com**

# CLAIM FORM

To be potentially eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Claim Form ("Claim Form") and mail it by First-Class mail to the above address, **postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN RAYONIER COMMON STOCK** | **6** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **7** |

# PART I – CLAIMANT INFORMATION

### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name        MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name        MI        Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City        State        ZIP Code/Postal Code (if outside U.S.)

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)        Telephone Number (work)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)        ☐ Pension Plan        ☐ Trust

☐ Corporation        ☐ Estate

☐ IRA/401K        ☐ Other_____(please specify)

---

[1] If the account number is unknown, you may leave it blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## **PART II – GENERAL INSTRUCTIONS**

1.          It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.          This Claim Form is directed to all persons and entities that, during the period from October 26, 2010, through November 7, 2014, inclusive (the "Settlement Class Period"), purchased or otherwise acquired the Rayonier common stock (CUSIP 754907103), and were damaged thereby. All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.          Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.          If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submits a request for exclusion from the Settlement Class, do not submit a Claim Form. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.**

5.          If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM. Thus, if you are a Settlement Class Member, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendant Releasees.

6.          You are potentially eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.          **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8.          Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of Rayonier common stock. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of Rayonier common stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.     **Please note:** Only Rayonier common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from October 26, 2010, through November 7, 2014, inclusive) is included in the Settlement. However, under the PSLRA "90-Day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of Rayonier common stock during the period from November 8, 2014, through and including February 5, 2015, will be used for purposes of calculating your "Recognized Loss" amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-Day Look-Back period must also be provided.

10.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Rayonier common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Rayonier common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period and held the common stock in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period and the stock was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of the stock, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Rayonier common stock; and

(c)     furnish evidence of their authority to submit the Claim Form on their behalf.

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Rayonier common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or

fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at P.O. Box 5270, Portland, OR 97208, by email at info@RayonierSecuritiesSettlement.com, or by toll-free phone at 1-844-308-9228, or you may download the documents from the Settlement website, www.RayonierSecuritiesSettlement.com.

19.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.RayonierSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@RayonierSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@RayonierSecuritiesSettlement.com to inquire about your file and confirm it was received and is acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-844-308-9228.**

## PART III – SCHEDULE OF TRANSACTIONS IN RAYONIER COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Rayonier common stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of Rayonier common stock held as of the opening of trading on October 26, 2010. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every purchase or acquisition (including free receipts) of Rayonier common stock from after the opening of trading on October 26, 2010, through and including the close of trading on February 5, 2015. (Must be documented.)

| Date of Purchase/ Acquisition (MMDDYY) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale or disposition (including free deliveries) of Rayonier common stock from after the opening of trading on October 26, 2010, through and including the close of trading on February 5, 2015. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (MMDDYY) | Number of Shares Sold | Sale Price per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**4. ENDING HOLDINGS** – State the total number of shares of Rayonier common stock held as of the close of trading on February 5, 2015. (Must be documented.) If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Notice) against the Defendants and the other Defendant Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3. that I (we) own(ed) the Rayonier common stock identified in the Claim Form and have not assigned the claim against the Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Rayonier common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE

DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant

Date [ ][ ] – [ ][ ] – [ ][ ]
MM    DD    YY

Print your name here

Signature of joint claimant, if any

Date [ ][ ] – [ ][ ] – [ ][ ]
MM    DD    YY

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant

Print your name here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.* (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page 4 of this Claim Form.)

Date [ ][ ] – [ ][ ] – [ ][ ]
MM    DD    YY

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-844-308-9228.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@RayonierSecuritiesSettlement.com, or toll-free at 1-844-308-9228, or visit www.RayonierSecuritiesSettlement.com. Please DO NOT call Rayonier or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, ADDRESSED AS FOLLOWS:

*In re Rayonier Inc. Securities Litigation*
P.O. Box 5270
Portland, OR 97208-5270

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>EXHIBIT A-3</u>** |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES <u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TO:   All persons and entities who, during the period from October 26, 2010, through November 7, 2014, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Rayonier common stock, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement; (II) Settlement Fairness Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $73,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Rayonier Inc. Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270, 1-844-308-9228.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.RayonierSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to potentially be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2017.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Rayonier, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
David R. Stickney, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
blbg@blbglaw.com
-or-
SAXENA WHITE P.A.
Lester R. Hooker, Esq.
Boca Center
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
(561) 206-6708
lhooker@saxenawhite.com

Requests for the Notice and Claim Form should be made to:

*In re Rayonier Inc. Securities Litigation*
P.O. Box 5270
Portland, OR 97208-5270
(844) 308-9228
www.RayonierSecuritiesSettlement.com
info@RayonierSecuritiesSettlement.com

By Order of the Court

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT<br><br>Honorable Timothy J. Corrigan<br><br>**EXHIBIT B** |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395 (the "Action");

WHEREAS, (a) Lead Plaintiffs Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Rayonier Inc., Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson have entered into a Stipulation And Agreement Of Settlement dated April 12, 2017 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be

provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation; and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased

or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to request.]

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases

3

to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties and the D&O Insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of

whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.   This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(r) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

and discharged each and every Released Defendants' Claim against the Lead Plaintiffs and the other Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

11.     Notwithstanding paragraphs 9 through 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

6

(a)      shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Reasonable Extensions of Time** – Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 13, 2017, as provided in the Stipulation.

18.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action dismissing the Action against all Defendants ***with prejudice***, without costs to any Party or the D&O Insurers, except for the payments expressly provided for in the Stipulation.

SO ORDERED this _____ day of _____, 2017.

_____
The Honorable Timothy J. Corrigan
United States District Judge

Copies:

Counsel of Record

9

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**