**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re Rayonier Inc. Securities
Litigation

Case No. 3:14-cv-1395-J-32JBT

---

## <u>ORDER PRELIMINARILY APPROVING SETTLEMENT AND</u>
## <u>PROVIDING FOR NOTICE</u>

WHEREAS, a consolidated class action is pending in this Court entitled <u>In re Rayonier Inc. Securities Litigation</u>, Case No. 3:14-cv-01395 (the "Action");

WHEREAS, (a) Lead Plaintiffs Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Rayonier Inc., Paul G. Boynton, Hans E. Vanden Noort, and Nancy Lynn Wilson have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation And Agreement Of Settlement dated April 12, 2017 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein (Doc. 146);

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, the papers filed and arguments made in connection therewith, and the arguments of counsel made at the hearing held on May 15, 2017 (Doc. 154); and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.   Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or Director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity, in their respective capacity as such.   Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.   **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.   The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.   **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **September 8, 2017 at 10:00 A.M.** in Courtroom 10D, of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.   Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Mass Tort Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice

procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.   Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a.  within five (5) business days of the date of entry of this Order, Rayonier shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) records reasonably available to Rayonier or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic form or other form as is reasonably available to Rayonier or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential.   The Court is informed and the Parties stipulate that this subparagraph (a) has already been completed;

b.  not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which Rayonier caused to be provided, or who otherwise may be identified through further reasonable effort;

c.  contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d. not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form of Exhibit A-3 (Doc. 158-1 at 46-48), to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e. not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notices** – The Court (a) approves, as to form and content, the Notice (Exhibit A-1, Doc. 158-1 at 16-35), the Claim Form (Exhibit A-2, Doc. 158-1 at 37-45), and the Summary Notice (Exhibit A-3, Doc. 158-1 at 46-48) (as slightly modified by the Court in the attached, redline versions), and (b) finds that the mailing and distribution of the Notice and Claim Form, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled

to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted, and published, respectively.

9.   **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Rayonier common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.   Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.   Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.   Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.   By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or

8

the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.    Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice.   Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:   *Rayonier Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270, and

(b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395"; (iii) state the number of Rayonier common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and

Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.   Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard

or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>David R. Stickney, Esq.<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA   92130<br>-and-<br>Saxena White P.A.<br>Lester R. Hooker, Esq.<br>5200 Town Center Circle, Suite 601<br>Boca Raton, FL 33486 | Jones Day<br>Janine Cone Metcalf, Esq.<br>1420 Peachtree Street, N.E. Suite 800<br>Atlanta, GA 30309<br>-and-<br>Buckley Sandler LLP<br>John M. Hendele IV, Esq.<br>1133 Avenue of the Americas, Suite 3100<br>New York, NY 10036<br>-and-<br>Friedman Kaplan Seiler & Adelman LLP<br>Jeffrey R. Wang, Esq.<br>7 Times Square<br>New York, NY 10036<br>-and-<br>Bedell, Dittmar, DeVault, Pillans & Coxe<br>Michael E. Lockamy, Esq.<br>101 E. Adams Street<br>Jacksonville, FL 32202 |

18.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for

12

each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Rayonier common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.   Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her, or its objection substantially in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.   **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.   Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $250,000 without further approval of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23.   **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of

the Settlement otherwise fails to occur, this Order shall, upon motion, be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 13, 2017, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall (i) be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason as against any

of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b. shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later

than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.  **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Rayonier timely served the CAFA notice, which was previously filed as Doc. 147-1.

28.  The Court **GRANTS** Lead Plaintiffs' Unopposed Motion for (I) Preliminary Approval of Class Action Settlement; (II) Certification of the Settlement Class; and (III) Approval of Notice to the Settlement Class. (Doc. 146).

29.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court also retains discretion to determine whether to consider claims, objections, and opt-outs even if they have been disallowed by Lead Counsel or the Claims Administrator.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of June, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

17

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT<br><br>**CLASS ACTION**<br><br>**EXHIBIT A-1** |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

To:     All persons who purchased or acquired Rayonier common stock from October 26, 2010, through November 7, 2014.  Your rights may be affected by this lawsuit.

Deleted: a

1.     *Introduction*.

A securities case was brought against Rayonier Inc. and other defendants by the Pension Trust Fund For Operating Engineers and the Lake Worth Firefighters' Pension Trust Fund for themselves and a class that includes people and entities who acquired the common stock of Rayonier from October 26, 2010, through November 7, 2014.  It alleges violations of the federal securities laws.  The parties reached a proposed settlement that will resolve all claims in exchange for payment of $73 million.

2.     *Information*.

For more information contact:
Epiq Class Action & Claims Solutions Inc.
(844) 308-9228

More information is available online at www.RayonierSecuritiesSettlement.com.

3.     *Warning*.

Your rights are affected even if you do not act.  Please read this carefully.

4.     *Recovery*.

Under the settlement, defendants will cause their insurers to pay $73 million.  After deductions for attorneys' fees and other expenses, the remainder will be distributed to the class members who submit eligible claim forms.  The distribution will be made based on a plan of allocation that has

1

been prepared by plaintiffs with the help of a damages consultant.  The plan is described below on pages __ to ___, and is available at www.RayonierSecuritiesSettlement.com or by calling (844) 308-9228.

Defendants deny that they have done anything giving rise to liability.

The average recovery is $1.11 per damaged share, based on the estimated number of damaged shares, and assuming all owners of the damaged shares participate.  Class members may receive more or less, depending on:

    (a)  when their common stock was purchased or sold;
    (b)  the number of class members who file claims;
    (c)  the interest accrual at the distribution;
    (d)  administrative costs;
    (e)  attorneys' fees and expenses awarded by the Court; and
    (f)  the plan of allocation.

If you want to receive money from this settlement, you must complete and submit a claim form, postmarked by **[DATE 120 DAYS AFTER NOTICE DATE]**, to:

Rayonier Securities Litigation
Epiq
P.O. Box 5270
Portland, OR 97208-5270
(844) 308-9228

A claim form is included.  You can get extra forms at www.RayonierSecuritiesSettlement.com or by calling Epiq at (844) 308-9228.

**Note:**  Receipt of this notice does not necessarily mean that you are a class member or that you will be entitled to receive proceeds from the settlement.

Payments to eligible class members will be made only after the Court approves the settlement and any appeals are resolved and after the completion of all claims processing.  Please be patient as this process can take many months to complete.

If you are a class member and you do nothing, you will not be paid, and you will lose your right to file your own lawsuit about the claims in this case.

5.   *Reasons for settlement.*

The parties disagree on both liability and damages, as well as on the average damages per share that would be recoverable if the class were to prevail at trial.  The amount of potential damages changes depending on which assumptions and methodologies are used.  The parties disagree about whether defendants violated the federal securities laws or whether any damages were suffered by the class as a result of the alleged conduct.  By agreeing to a settlement, the plaintiffs and defendants avoid the costs, risks, and delays of further litigation.

6.   *Attorneys' fees and costs.*

Class counsel have not been paid for working on the action for the lead plaintiffs and the class, nor have they been reimbursed for their expenses.  The attorneys' fees requested will not exceed 1/3 of the settlement fund before deduction of expenses.  The fees awarded will earn interest at the same rate as the settlement fund until paid.  In addition to requesting attorneys' fees, class counsel will also apply for reimbursement of actual paid and incurred expenses in total not to exceed

2

$1.1 million, which may include reimbursement for the costs incurred by the lead plaintiffs related to their representation of the class.

If approved by the Court, the requested fees and expenses would cost an average of $0.39 per damaged share.  This cost may vary.  In addition, certain costs for administering the settlement, notifying the class, and evaluating claims will be paid from the settlement fund.  These expenses cannot be reasonably estimated at this time.

7.      *Hearing.*

The Court will hold a hearing on

[TO BE INSERTED]
at _____[a.m./p.m.],
United States District Court
Courtroom 10D
300 North Hogan Street
Jacksonville, FL 32202

to decide whether to approve the settlement, plan of allocation, and the request for fees and expenses.

At their own cost, class members may appear through their own counsel.

8.      *Requests for Exclusion.*

If you are a class member and do not want to be included in the class and the settlement, you must submit a written request for exclusion.  Instructions on how to submit a request for exclusion are provided in paragraph 58 below.  Your request for exclusion must be received no later than **[INSERT DATE 21 DAYS BEFORE FINAL HEARING]**.

A judgment in this case on the settlement will bind all class members who do not request exclusion on time.

9.      *Further Information.*

You may get information on the action and the settlement from Epiq:

Rayonier Securities Litigation
Epiq
P.O. Box 5270
Portland, OR 97208-5270
(844) 308-9228
info@RayonierSecuritiesSettlement.com

You may also contact class counsel through:

David Stickney
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA  92123
(866) 648-2524
blbg@blbglaw.com

10.     *Objections.*

3

If you are a class member, you can object to any part of the settlement that you do not like, to the proposed plan of allocation, or the request for fees and expenses.  Instructions on how to object are provided in paragraphs 64 and 65 below.  Objections must be filed and received by **[21 DAYS BEFORE FINAL HEARING]**.

If a class member does not object in the manner set forth in this notice, the class member will be deemed to have waived any objection to the settlement, plan of allocation, and the request for fees and expenses.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be potentially eligible for payment from the settlement.  If you are a Settlement Class Member and you do not exclude yourself, you will be bound by the settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 26 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 27 below), so it is in your interest to submit a claim. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not receive any payment from the settlement.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you do not like the proposed settlement, the proposed Plan of Allocation, or the request for attorneys' fees and expenses, you may write to the Court and explain why.  You cannot object to the settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2017, AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | Filing a written objection and notice of intention to appear by _____, 2017, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed settlement, the Plan of Allocation, or the attorneys' fees and expenses.  If you submit a written objection, you may (but you do not have to) go to the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you do nothing, you will not receive any payment from the settlement.  If you are a Settlement Class Member, even if you do nothing, you give up your right to sue about the claims that are resolved by the settlement, and you will be bound by any orders by the Court. |

| WHAT THIS NOTICE CONTAINS |
|---|

4

Why Did I Receive This Notice?                                                    Page __
What Is This Case About?                                                          Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                        Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                            Page __
What Might Happen If There Were No Settlement?                                   Page __
How Are Settlement Class Members Affected By The Action
  And The Settlement?                                                   Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                    Page __
How Much Will My Payment Be?                                                     Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                         Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?                                              Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?                                            Page __
What If I Bought Shares On Someone Else's Behalf?                                 Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?             Page __

## WHY DID I RECEIVE THIS NOTICE?

1.    The Court directed that this notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased Rayonier common stock between October 26, 2010, and November 7, 2014.  The Court has directed us to mail this notice because, as a potential Settlement Class Member, you should know about your options before the Court rules on the proposed settlement.  Additionally, you should understand how this class action lawsuit may affect you.  If the Court approves the settlement, the claims administrator will make payments to Settlement Class Members who submit valid claims.

2.    This notice is meant to inform you of the terms of the proposed settlement, and of a hearing to be held by the Court to consider whether to approve the settlement, proposed Plan of Allocation, and attorneys' fees and expenses.  See paragraph 63 below for details about date and location of the hearing.

3.    This notice is not an opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the settlement.

## WHAT IS THIS CASE ABOUT?

4.    Beginning on November 12, 2014, class action complaints were filed in the United States District Court for the Middle District of Florida, alleging that Rayonier and other defendants made certain false and misleading statements relating to Rayonier's forest harvesting practices.

5.    The cases were consolidated by Order dated January 9, 2015, and recaptioned as *In re Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395 (M.D. Fla.).  Lead Plaintiffs and class counsel were appointed by the Court on February 25, 2015.

6.     On April 7, 2015, Lead Plaintiffs filed their first consolidated complaint, asserting claims for themselves and purchasers of Rayonier common stock between September 22, 2011, and November 7, 2014, against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and against the individual defendants under Section 20(a) of the Exchange Act.  Among other things, the first consolidated complaint alleged that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.  The first consolidated complaint further alleged that the price of Rayonier common stock was artificially inflated as a result of the allegedly misleading statements, and declined when the truth was revealed.

7.     Following full briefing and a hearing, in August 2015, the Court granted Defendants' motions to dismiss and granted permission for Lead Plaintiffs to amend the complaint.

8.     On September 25, 2015, Lead Plaintiffs filed their amended consolidated complaint (the "Complaint").  The Complaint alleges claims for purchasers of Rayonier common stock from October 26, 2010, through November 7, 2014, against Defendants under the federal securities laws.  Among other things, the Complaint alleges that Defendants made materially false and misleading statements about Rayonier's harvesting practices, its reported merchantable timber inventory, and certain financial results.

9.     On October 26, 2015, Defendants again filed motions to dismiss the Complaint, which Lead Plaintiffs again opposed.

10.    On April 7, 2016, Lead Plaintiffs and Rayonier participated in a mediation.  No settlement agreement was reached and litigation continued.

11.    Following a hearing, on May 20, 2016, the Court denied Defendants' motions to dismiss. Defendants filed their answers to the Complaint on June 23, 2016.

12.    The parties then started discovery, which took place over ten months.  Defendants produced over 1.56 million pages, and Lead Plaintiffs produced over 70,000 pages.  The parties also obtained approximately 21,000 pages of documents from 18 third parties.

13.    The Court held a conference on September 1, 2016, and set certain case deadlines.  Pursuant to the schedule, Lead Plaintiffs filed their motion for class certification on December 15, 2016, which Defendants opposed.  The motion was pending when the settlement was reached.

14.    On March 6, 2017, the Parties and certain of Defendants' directors' and officers' liability insurance carriers (the "D&O Insurers") participated in a second mediation before former judge Layn R. Phillips.  The mediation session ended without any agreement being reached.

15.    The parties and Judge Phillips communicated over the next week and ultimately reached an agreement to settle for $73 million.

16.    The settlement is a compromise.  The settlement is not evidence of an admission or concession by any Defendant or any Lead Plaintiff.

17.    On _____, 2017, the Court preliminarily approved the settlement, authorized this notice to be mailed to potential Settlement Class Members, and scheduled a hearing to consider whether to grant final approval to the settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
| :-: |
| **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

18.   If you are a member of the Settlement Class, you are affected by the settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons and entities who purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [___] below.

**PLEASE NOTE:  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT WAS DISTRIBUTED WITH THIS NOTICE AND AVAILABLE ON THE SETTLEMENT WEBSITE WWW.RAYONIERSECURITIESSETTLEMENT.COM.  THE CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2017.**

| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
| :-: |

19.   Lead Plaintiffs and class counsel believe that the claims have merit.  They recognize, however, the expense and length of continued litigation, and the risks they would face in establishing liability and damages.  Lead Plaintiffs and class counsel recognized that Defendants had defenses that could prevent the class from recovering anything.  For example, Defendants would assert that the statements were not materially false and misleading, and that they were not made with the required state of mind to support the securities fraud claim alleged.  Even if Lead Plaintiffs proved liability at trial, Defendants would dispute the amount of damages that were recoverable under the federal securities laws.  Lead Plaintiffs would have to win at several stages – including, without limitation, motions for summary judgment, trial, and, if they won on those, on the appeals that were likely to follow.  There were very significant risks to continuing the litigation without settlement.

20.   In light of these risks, the amount of the settlement, and the immediacy of recovery, Lead Plaintiffs and class counsel believe the settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and class counsel believe that the settlement provides a substantial benefit to the Settlement Class, namely $73 million, as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

| **WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?** |
|:---:|

21.  If there were no settlement and Lead Plaintiffs failed to prove their case, the Settlement Class would not recover anything.  If Defendants proved any of their defenses, the Settlement Class could recover substantially less than the settlement amount, or nothing at all.

| **HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED**<br>**BY THE ACTION AND THE SETTLEMENT?** |
|:---:|

22.  As a Settlement Class Member, you are represented by Lead Plaintiffs and class counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to, your counsel must file a notice of appearance on your behalf.

23.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

24.  If you are a Settlement Class Member and you wish to object to the settlement, Plan of Allocation, or attorneys' fees and expenses, you may submit your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

25.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the settlement, Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 26 below) against the Defendants and the other Defendant Releasees (as defined in paragraph 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

26.  "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the various complaints filed in the Action; or (ii) could have asserted in any forum against any of the Defendant Releasees, which in any way arise out of, relate to, or are based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the various complaints filed in the Action, and that relate to the purchase of Rayonier common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the settlement; and (ii) any Excluded Claims.  "Excluded Claims" means (i) any claims asserted in a derivative action or ERISA action based on similar allegations as those set forth in the Complaint, and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

8

27.   "Defendant Releasees" means Defendants, the Prior Defendants, Defendants' Counsel, and the D&O Insurers, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

28.   "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement.

29.   The Judgment will also provide that Defendants, upon the Effective Date of the settlement, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 30 below) against any of the Plaintiff Releasees (as defined in paragraph 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

30.   "Released Defendants' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31.   "Plaintiff Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

9

32.    The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

33.    To be potentially eligible for a payment from the settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with supporting documentation postmarked no later than _____, 2017. A Claim Form was included with this notice, or you may obtain one from the settlement website at www.RayonierSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the claims administrator toll free at 1-844-308-9228.  Please retain all records of your transactions in Rayonier common stock because they may be needed to support your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the settlement.

## HOW MUCH WILL MY PAYMENT BE?

34.    At this time, it is not possible to determine how much any individual Settlement Class Member may receive from the settlement.

35.    The $73 million settlement amount will be deposited into an escrow account.  If the settlement is approved and becomes effective, the settlement amount, after payment of Court-approved attorneys' fees and expenses, will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with a plan of allocation.

36.    The settlement amount will not be distributed until the Court approves the settlement and a plan of allocation, and the time for any appeal has expired.

37.    Neither Defendants nor any other person or entity that paid any portion of the settlement are entitled to get back any portion of the settlement fund once the settlement is approved and becomes final.  Defendants have no liability, obligation, nor responsibility for the administration of the settlement, the disbursement of the net settlement fund, nor the plan of allocation.

38.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2017, shall not receive money from the settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 26 above) against the Defendant Releasees (as defined in paragraph 27 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

39.    Participants in and beneficiaries of a Rayonier sponsored plan covered by ERISA ("Rayonier ERISA Plan") should NOT include any information relating to their transactions in Rayonier common stock held through the Rayonier ERISA Plan in any Claim Form that they may

10

submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the Rayonier ERISA Plan.

40.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

41.   Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired Rayonier common stock between October 26, 2010, and November 7, 2014, and were damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the settlement fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not receive money from the settlement and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

42.   The objective of the Plan of Allocation proposed by Lead Plaintiffs is to equitably distribute the settlement amount among Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Settlement Class Members who submit valid claims ("Authorized Claimants") pursuant to the settlement.  The Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the settlement.

43.   To have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Rayonier common stock.  Alleged corrective disclosures allegedly removed the artificial inflation from the price of Rayonier common stock on November 10, 2014, and November 11, 2014.  Accordingly, if Rayonier common stock was sold before November 10, 2014 (the earliest date the alleged artificial inflation was allegedly removed), the Recognized Loss for such stock is $0.00, and any loss suffered is not recoverable under the federal securities laws.

## CALCULATION OF RECOGNIZED LOSS PER SHARE

44.   The Plan of Allocation was created with the assistance of an expert.  The estimated alleged artificial inflation in the price of Rayonier common stock during the Settlement Class Period is listed in Table 1 below, and is based on certain alleged misrepresentations and the alleged stock price reaction (after accounting for market and industry effects).

| Table 1 Artificial Inflation in Rayonier Common Stock[1] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| October 26, 2010 | December 30, 2010 | $5.92 |
| December 31, 2010 | January 2, 2012 | $5.95 |
| January 3, 2012 | December 30, 2012 | $6.17 |

---

[1] Any transactions in Rayonier common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

| December 31, 2012 | December 30, 2013 | $6.67 |
| December 31, 2013 | November 9, 2014 | $7.21 |
| November 10, 2014 | November 10, 2014 | $1.97 |
| November 11, 2014 | Thereafter | $0.00 |

45.   For each share of Rayonier common stock purchased or otherwise acquired during the Settlement Class Period (i.e., October 26, 2010 through November 7, 2014, inclusive), the Recognized Loss per share shall be calculated as described in what follows.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to $0.00.

(a)   For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold prior to November 10, 2014, the Recognized Loss per share is $0.00.

(b)   For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold on November 10, 2014, the Recognized Loss per share is *the lesser of*:

(1)   The amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on November 10, 2014, as provided in Table 1 above; or

(2)   The per-share purchase price *minus* the statutory "90-Day Lookback Value" on November 10, 2014, as provided in Table 2 below.

(c)   For each share of Rayonier common stock that was purchased during the Settlement Class Period that was sold during the period November 11, 2014, through February 5, 2015, inclusive, the Recognized Loss per share is *the lesser of*:

(1)   The amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

(2)   The per-share purchase price *minus* the statutory "90-Day Lookback Value" on the date of sale provided in Table 2 below.

(d)   For each share of Rayonier common stock that was purchased during the Settlement Class Period and still held as of the close of trading on February 5, 2015, the Recognized Loss per share is *the lesser of*:

(1)   The amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

(2)   The per-share purchase price *minus* the average closing price for Rayonier common stock during the 90-day lookback period, which is $27.89.

| Table 2 |
| --- |

| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 11/10/2014 | $28.82 | 12/9/2014 | $26.97 | 1/8/2015 | $27.33 |
| 11/11/2014 | $27.78 | 12/10/2014 | $26.96 | 1/9/2015 | $27.36 |
| 11/12/2014 | $27.22 | 12/11/2014 | $26.97 | 1/12/2015 | $27.40 |
| 11/13/2014 | $26.95 | 12/12/2014 | $26.97 | 1/13/2015 | $27.43 |
| 11/14/2014 | $26.77 | 12/15/2014 | $26.93 | 1/14/2015 | $27.46 |
| 11/17/2014 | $26.73 | 12/16/2014 | $26.89 | 1/15/2015 | $27.48 |
| 11/18/2014 | $26.68 | 12/17/2014 | $26.89 | 1/16/2015 | $27.51 |
| 11/19/2014 | $26.65 | 12/18/2014 | $26.91 | 1/20/2015 | $27.52 |
| 11/20/2014 | $26.67 | 12/19/2014 | $26.94 | 1/21/2015 | $27.54 |
| 11/21/2014 | $26.70 | 12/22/2014 | $26.98 | 1/22/2015 | $27.58 |
| 11/24/2014 | $26.73 | 12/23/2014 | $27.02 | 1/23/2015 | $27.61 |
| 11/25/2014 | $26.80 | 12/24/2014 | $27.06 | 1/26/2015 | $27.65 |
| 11/26/2014 | $26.84 | 12/26/2014 | $27.10 | 1/27/2015 | $27.68 |
| 11/28/2014 | $26.87 | 12/29/2014 | $27.14 | 1/28/2015 | $27.71 |
| 12/1/2014 | $26.89 | 12/30/2014 | $27.18 | 1/29/2015 | $27.74 |
| 12/2/2014 | $26.91 | 12/31/2014 | $27.20 | 1/30/2015 | $27.77 |
| 12/3/2014 | $26.93 | 1/2/2015 | $27.23 | 2/2/2015 | $27.80 |
| 12/4/2014 | $26.95 | 1/5/2015 | $27.25 | 2/3/2015 | $27.83 |
| 12/5/2014 | $26.95 | 1/6/2015 | $27.28 | 2/4/2015 | $27.86 |
| 12/8/2014 | $26.95 | 1/7/2015 | $27.31 | 2/5/2015 | $27.89 |

## ADDITIONAL PROVISIONS

46.     If a Settlement Class Member has more than one purchase/acquisition or sale of Rayonier common stock, the last-in-first-out ("LIFO") method will be applied for matching sales to prior purchases. Under the LIFO methodology, starting with the earliest sale, sales of Rayonier common stock are matched first against the most recent purchase of Rayonier common stock that has not already been matched to other sales under LIFO, and then against prior purchases in backward chronological order, until the beginning of the Settlement Class Period. Any remaining purchases or beginning holdings not matched to sales are then matched against unsold shares.

47.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for all of the Rayonier common stock.

48.     The net settlement fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. If any Authorized Claimant's distribution amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

49.     Purchases or acquisitions and sales of Rayonier common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Rayonier common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Rayonier common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or

13

grant be deemed an assignment of any claim relating to the purchase/acquisition of any Rayonier common stock unless (i) the donor or decedent purchased or otherwise acquired such Rayonier common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Rayonier common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

50.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Rayonier common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

51.     Option contracts are not securities eligible to participate in the settlement.  With respect to Rayonier common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Rayonier common stock on the date of exercise of the option.  Any Recognized Loss arising from purchases of Rayonier common stock acquired during the Settlement Class Period through the exercise of an option on Rayonier common stock[2] shall be computed as provided for other purchases of Rayonier common stock in the Plan of Allocation.

52.     A Recognized Loss will be calculated as defined herein and cannot be less than zero.  To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Rayonier common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Rayonier Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

53.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Rayonier common stock during the Settlement Class Period or suffered a market loss, the claims administrator shall determine the difference between (i) the Total Purchase Amount[3] and (ii) the sum of the Total Sales Proceeds[4] and Total Holding Value.[5]  This

---

[2] Including (1) purchases of Rayonier common stock as the result of the exercise of a call option, and (2) purchases of Rayonier common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Rayonier common stock purchased or acquired during the Settlement Class Period.

[4] The "Total Sales Proceeds" shall be the total amount received (excluding commissions and other charges) for sales of Rayonier common stock that was both purchased/acquired and sold during the Settlement Class Period.  The LIFO method will be applied for matching sales to prior purchases as described in paragraph 52.

[5] The claims administrator shall ascribe a holding value of $27.89 per-share to Rayonier common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 7, 2014, which is the average closing price of Rayonier common stock during the 90 days after the end of the Settlement Class Period.  The LIFO method will be applied for determining held shares as

difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Rayonier common stock during the Settlement Class Period.

54.    After the initial distribution of the net settlement fund, the claims administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if class counsel, in consultation with the claims administrator, determine that it is cost-effective to do so, the claims administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if class counsel, in consultation with the claims administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the net settlement fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by class counsel and approved by the Court, or as otherwise ordered by the Court.

55.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No claimant or Settlement Class Member shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants' Counsel, any Party's damages expert, the claims administrator (or any other agent designated by class counsel), or the Defendant Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes owed by the settlement fund, or distributions that are made substantially in accordance with the Stipulation and the settlement, the plan of allocation approved by the Court, or further orders of the Court.

56.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.RayonierSecuritiesSettlement.com.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

57.    Class counsel have not received any payment in this case, nor have they been reimbursed for the expenses.  Before final approval of the settlement, class counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (1/3) of the settlement amount.  At the same time, class counsel also intend to apply for reimbursement of litigation expenses in an amount not to exceed $1.1 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award

---

described in paragraph 52.  The total calculated holding values for all Rayonier common stock shall be the Claimant's "Total Holding Value."

of attorneys' fees or reimbursement of Litigation Expenses.  Any amount approved by the Court for fees and expenses will be paid from the settlement fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

58.   Each Settlement Class Member will be bound by the Judgment in this lawsuit, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Rayonier Securities Litigation*, EXCLUSIONS, P.O. Box 5270, Portland, OR 97208-5270.  The exclusion request must be received no later than _____, 2017.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Rayonier Inc. Securities Litigation*, Case No. 3:14-cv-01395"; (c) state the number of Rayonier common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

59.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

60.   If you ask to be excluded from the Settlement Class, you will not receive any payment from the settlement.

61.   Rayonier has the right to terminate the settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Rayonier, as set forth in a confidential Supplemental Agreement that has been filed under seal with the Court.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

62.   Settlement Class Members do not need to attend the hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the settlement without attending the Settlement Hearing.

63.   The Settlement Hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL  32202.  The Court reserves the right to approve the settlement, Plan of Allocation, and fees

16

and expenses and any other matter related to the settlement at or after the hearing without further notice to the members of the Settlement Class.

64.   Any Settlement Class Member who does not request exclusion may object to the settlement, proposed Plan of Allocation, or attorneys' fees and expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Florida at the address set forth below on or before _____, 2017.  You must also serve the papers on class counsel and defense counsel at the addresses set forth below so that the papers are received on or before _____, 2017.

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| U.S. District Court,<br>Middle District Florida<br>Bryan Simpson U.S.<br>Courthouse<br>300 North Hogan Street<br>Jacksonville, FL 32202 | Bernstein Litowitz Berger<br>& Grossmann LLP<br>David R. Stickney, Esq.<br>12481 High Bluff Drive<br>    Suite 300<br>San Diego, CA  92130<br>  -and-<br>Saxena White P.A.<br>Lester R. Hooker, Esq.<br>5200 Town Center Circle<br>    Suite 601<br>Boca Raton, FL 33486 | Jones Day<br>Janine Cone Metcalf, Esq.<br>1420 Peachtree St., N.E.<br>Suite 800<br>Atlanta, GA 30309<br>-and-<br>Buckley Sandler LLP<br>John M. Hendele IV, Esq.<br>1133 Avenue of the<br>Americas, Suite 3100<br>New York, NY 10036<br>-and-<br>Friedman Kaplan Seiler &<br>Adelman LLP<br>Jeffrey R. Wang, Esq.<br>7 Times Square<br>New York, NY 10036<br>-and-<br>Bedell, Dittmar, DeVault,<br>Pillans & Coxe<br>Michael E. Lockamy, Esq.<br>101 E. Adams Street<br>Jacksonville, FL 32202 |

65.   Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Rayonier common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  You may not object to the settlement, Plan of Allocation, or attorneys'

17

fees and expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

66.    You may file a written objection without having to appear at the hearing.  You may not, however, appear at the hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

67.    If you wish to be heard orally at the hearing, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on class counsel and defense counsel at the addresses set forth above so that it is received on or before _____, 2017.  Persons who intend to object and desire to present evidence at the hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

68.    You are not required to hire an attorney to represent you in making written objections or in appearing at the hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on class counsel and defense counsel at the addresses set forth in paragraph 64 above so that the notice is received on or before _____, 2017.

69.    The hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with class counsel.

70.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed settlement, Plan of Allocation, or attorneys' fees and expenses.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

71.    If you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this notice, request from the claims administrator sufficient copies of this notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this notice, provide a list of the names and addresses of all such beneficial owners to *Rayonier Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270.  If you choose the second option, the claims administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the claims administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this notice and the Claim Form may also be obtained from the settlement website, www.RayonierSecuritiesSettlement.com, or by calling the claims administrator toll-free at 1-844-308-9228.

**CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

72.   This notice contains only a summary of the terms of the proposed settlement.  For more detailed information about the matters involved in this Action, see the papers on file in the Action, including the Stipulation and Agreement of Settlement (the "Stipulation"), which contains the definition of many of the defined terms used in this notice.  The Stipulation may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the settlement website, www.RayonierSecuritiesSettlement.com.

All inquiries concerning this notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Rayonier Securities Litigation* | Or | David R. Stickney, Esq. |
| P.O. Box 5270 | | BERNSTEIN LITOWITZ BERGER |
| Portland, OR 97208-5270 | | & GROSSMANN LLP |
| (844) 308-9228 | | 12481 High Bluff Drive, Suite 300 |
| info@RayonierSecuritiesSettlement.com | | San Diego, CA  92123 |
| | | (866) 648-2524 |
| | | blbg@blbglaw.com |
| | | -or- |
| | | Lester R. Hooker, Esq. |
| | | SAXENA WHITE P.A. |
| | | Boca Center |
| | | 5200 Town Center Circle, Suite 601 |
| | | Boca Raton, FL 33486 |
| | | (561) 206-6708 |
| | | lhooker@saxenawhite.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017

By Order of the Court
United States District Court
Middle District of Florida

EXHIBIT A-2

*Rayonier Securities Litigation*
P.O. Box 5270
Portland, OR 97208-5270
Toll-Free Number: 1-844-308-9228
Settlement Website: www.RayonierSecuritiesSettlement.com
Email: info@RayonierSecuritiesSettlement.com

## CLAIM FORM

The parties to the action *In re Rayonier Securities Litigation,* Case No. 3:14-cv-01395, pending in the United States District Court for the Middle District of Florida, have settled the case, subject to approval by the Court. You may be eligible to receive a portion of the settlement fund.  To be potentially eligible to receive a portion of the settlement fund, you must be a Settlement Class Member and provide to the Claims Administrator (Epiq Class Action & Mass Tort Solutions, Inc.) information to verify that you are eligible to participate by timely completing and signing this Claim Form and mailing it by First-Class mail to the above address, **postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the settlement.  **If you have any questions about how to complete this Claim Form, please contact the Claims Administrator at the telephone number, website, or address listed above.**

**Please do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN RAYONIER COMMON STOCK | 6 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 7 |

**Formatted:** Font: Bold

1

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

MI

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City     State     ZIP Code/Postal Code (if outside U.S.)

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)     Telephone Number (work)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)     ☐ Pension Plan     ☐ Trust

☐ Corporation     ☐ Estate

☐ IRA/401K     ☐ Other_____(please specify)

---

[1] If the account number is unknown, you may leave it blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

## PART II – GENERAL INSTRUCTIONS

1.  It is important that you completely read and understand the Notice that accompanies this Claim Form and the Stipulation and Agreement of Settlement (the "Stipulation") that is available on the settlement website, www.RayonierSecuritiesSettlement.com or by calling the Claims Administrator at (844) 308-9228. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice and Stipulation also contain the definitions of many of the defined terms used in this Claim Form.

2.  This Claim Form is directed to all persons and entities that, during the period from October 26, 2010, through November 7, 2014, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Rayonier common stock (CUSIP 754907103), and were damaged thereby.

3.  Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Rayonier during the Settlement Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (v) any affiliates, parents, or subsidiaries of Rayonier; (vi) all Rayonier plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.  If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submits a request for exclusion from the Settlement Class, please do not submit a Claim Form.

5.  If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM. Thus, if you are a Settlement Class Member, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendant Releasees.

6.  You are potentially eligible to receive money in this settlement only if you are a Settlement Class Member and you complete and return this form as specified below. If you fail to submit a timely Claim Form with the required documentation, your claim may be rejected and you may not receive money in this settlement.

7.  **Submission of this Claim Form does not guarantee that you will receive money in this settlement. The distribution of the settlement will be governed by a plan of allocation approved by the Court.**

8.  Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of Rayonier common stock. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of Rayonier common stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.  **Please note:** Only Rayonier common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from October 26, 2010, through November 7, 2014, inclusive) is included in the Settlement. However, under the applicable federal statute, your transactions in Rayonier common stock during the period from November 8, 2014, through and including February 5, 2015, will be used for purposes of calculating your "Recognized Loss" amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, you must also provide the requested transaction information during that additional time period.

10.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Rayonier common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the claims administrator do not independently have information about your investments in Rayonier common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. If you have questions about additional types and possible locations of documentation sufficient to support your claim, contact the Claims Administrator at (844) 308-9228. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period and held the common stock in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Rayonier common stock during the Settlement Class Period and the stock was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of the stock, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Rayonier common stock; and

(c)     furnish evidence of their authority to submit the Claim Form on their behalf.

14.     By submitting a signed Claim Form, you will be representing that you:

(a)     own(ed) the Rayonier common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will represent that the statements you make are true and the documents you attach are genuine. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized

4

Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at P.O. Box 5270, Portland, OR 97208, by email at info@RayonierSecuritiesSettlement.com, or by toll-free phone at 1-844-308-9228, or you may download the documents from the Settlement website, www.RayonierSecuritiesSettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic format. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.RayonierSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@RayonierSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@RayonierSecuritiesSettlement.com to inquire about your file and confirm it was received and is acceptable.**

**IMPORTANT: PLEASE NOTE**
**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-844-308-9228.**

### PART III – SCHEDULE OF TRANSACTIONS IN RAYONIER COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Rayonier common stock during the period from October 26, 2010, through November 7, 2014, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Rayonier common stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of Rayonier common stock held as of the opening of trading on October 26, 2010. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 26, 2010 THROUGH FEBRUARY 5, 2015** – Separately list each and every purchase or acquisition (including free receipts) of Rayonier common stock from after the opening of trading on October 26, 2010, through and including the close of trading on February 5, 2015. (Must be documented.)

| Date of Purchase/ Acquisition (MMDDYY) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**3. SALES FROM OCTOBER 26, 2010 THROUGH FEBRUARY 5, 2015** – Separately list each and every sale or disposition (including free deliveries) of Rayonier common stock from after the opening of trading on October 26, 2010, through and including the close of trading on February 5, 2015. (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Sale (MMDDYY) | Number of Shares Sold | Sale Price per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**4. ENDING HOLDINGS –** State the total number of shares of Rayonier common stock held as of the close of trading on February 5, 2015. (Must be documented.) If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. ☐
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

6

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation filed with the Court in *In re Rayonier Securities Litigation*, Case No. 3:14-cv-01395, pending in the United States District Court for the Middle District of Florida, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Notice) against the Defendants and the other Defendant Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

    1.   that I (we) have read and understand the release set forth above;

    2.   that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

    3.   that I (we) own(ed) the Rayonier common stock identified in the Claim Form and have not assigned the claim against the Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

    4.   that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Rayonier common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

    5.   that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

    6.   that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

    7.   that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

    8.   that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

    9.   that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

7

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant

Date [ ][ ] – [ ][ ] – [ ][ ]
MM        DD        YY

Print your name here

Signature of joint claimant, if any

Date [ ][ ] – [ ][ ] – [ ][ ]
MM        DD        YY

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant

Print your name here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.* (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page 4 of this Claim Form.)

Date [ ][ ] – [ ][ ] – [ ][ ]
MM        DD        YY

8

## ADDITIONAL NOTES

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@RayonierSecuritiesSettlement.com, or toll-free at 1-844-308-9228, or visit www.RayonierSecuritiesSettlement.com. Please DO NOT call Rayonier or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, ADDRESSED AS FOLLOWS:

*Rayonier Securities Litigation*
Epiq
P.O. Box 5270
Portland, OR 97208-5270

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE RAYONIER INC. SECURITIES LITIGATION | Case No. 3:14-cv-01395-TJC-JBT <br><br> **CLASS ACTION** <br><br> **EXHIBIT A-3** |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who, during the period from October 26, 2010, through November 7, 2014, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Rayonier common stock, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the above-captioned litigation has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class. **The detailed class notice is available on the settlement website, www.RayonierSecuritiesSettlement.com or by calling the claims administrator at 1-844-308-9228.**

YOU ARE ALSO NOTIFIED that Lead Plaintiffs have reached a proposed settlement for $73 million in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202, to determine (i) whether the proposed settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified in the settlement stipulation should be granted; (iii) whether the proposed plan for allocating the settlement funds should be approved as fair and reasonable; and (iv) whether class counsel's application for attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending action and the settlement, and you may be entitled to share in the settlement fund.**

Deleted: by definition as set forth in

Formatted: Font: Bold

Deleted: t

Deleted: ,

You may obtain copies of the Notice and Claim Form by contacting the claims administrator at *Rayonier Securities Litigation*, P.O. Box 5270, Portland, OR 97208-5270, 1-844-308-9228. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the claims administrator, www.RayonierSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to potentially be eligible to receive money from the settlement, you must submit a Claim Form *postmarked* no later than _____, 2017. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not receive any money, but you will be bound by any judgment entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgment entered by the Court in the Action and you will not receive any money from the settlement.

Any objections to the proposed settlement, plan for allocating settlement funds, or fees and expenses, must be filed with the Court and delivered to representatives of class counsel and defendants' counsel such that they are *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Rayonier, or its counsel regarding this notice. All questions about this notice, the proposed settlement, or your eligibility to participate in the Settlement should be directed to class counsel or the claims administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to class counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
David R. Stickney, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
blbg@blbglaw.com
-or-
SAXENA WHITE P.A.
Lester R. Hooker, Esq.
Boca Center
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
(561) 206-6708
lhooker@saxenawhite.com

Requests for the Notice and Claim Form should be made to:

*Rayonier Securities Litigation*
P.O. Box 5270
Epiq

Portland, OR 97208-5270
(844) 308-9228
www.RayonierSecuritiesSettlement.com
info@RayonierSecuritiesSettlement.com

By Order of the Court

3